## UGI Employees Federal Credit Union v. Kochard

Before Eshelman, *P.J.,* and Schaeffer, *J.*

*Joseph Nelabovige*, for plaintiff.
*Forry and Forry*, for defendant.

ESHELMAN, *P.J.*, March 30, 1979—On October 16, 1975, plaintiff caused a judgment by confession to be entered against defendant on a judgment note, executed solely by her, in the face amount of $2,118. On August 23, 1977, the sheriff of Berks County levied upon the residence of defendant located at 33 Washington Street, Shillington, Berks County, Pa., and fixed October 7, 1977, as the date for sale of the property.

Defendant filed on September 29, 1977, a petition to postpone the sheriff's sale and to open judgment. A rule to show cause was issued thereon, plaintiff filed an answer and new matter, and defendant filed a reply to the new matter.

On petition of plaintiff, on September 2, 1978, a rule was issued upon defendant to proceed with her petition pursuant to Pa.R.C.P. 209. Thereupon, defendant listed the cause for argument. No depositions having been taken, the matter is before this court for disposition on the petition, answer, new matter, and reply to new matter.

Plaintiff asserts by new matter that defendant

has not filed her petition to open in a timely manner for the reason that approximately one year and eleven months elapsed from the time judgment was entered until the petition to open was filed. There is no particular time limit on the court exercising its power to open a judgment by confession; however, when the delay is unreasonably long and unexplained, the doctrine of laches may prevent opening the judgment: Funds for Business Growth, Inc. v. Maraldo, 443 Pa. 281, 278 A. 2d 922 (1971).

Defendant attempts to explain the delay in filing her petition by averring that at the time judgment was entered her husband handled her business affairs, and that at that time the judgment was not a lien upon her residence since the property was then owned by the defendant and her husband as tenants by the entireties. Her husband's interest in the residential property was thereafter conveyed to her on October 2, 1976.

The fact that the judgment, when first entered, was not an enforceable lien on the entireties property is a plausible explanation for the delay in petitioning to open it. At what point in time the judgment became an enforceable lien on the residential property, whether it be at the time of the conveyance of the husband's interest or when the writ of execution was later issued, is a question the resolution of which is not necessary in reaching our ultimate decision.

Even if we measure the length of the delay from the time of the conveyance, almost one year, a well-recognized principle of law is that a court will not impute laches where no injury has resulted to the other party by reason of the delay: James v. Silverstein, 224 Pa. Superior Ct. 489, 306 A. 2d 910

(1973); Joseph Melnick Building & Loan Association v. Melnick, 361 Pa. 328, 64 A. 2d 773 (1949). A two-year delay did not preclude opening a confessed judgment in Tilo Company, Inc. v. Lentz, 89 York 100 (1975), where no injury had been shown to result from the delay. The defendant in Beatty v. Needham Chevrolet, Inc. and H. S. Needham, 55 Westmoreland 91, 93 (1973), delayed four and one-half years before petitioning to open a confessed judgment, but the delay did not prejudice plaintiff's position, and the court therein concluded "equity demands that the defendant be given an opportunity to interject possible defenses to the plaintiff's claims. . . ."

Plaintiff fails to assert any injury arising from the delay that may prejudice plaintiff's position. See Giannamore v. Greater Beneficial Union of Pittsburgh, District No. 260, Donora, Pa., 55 Wash. Co. 207 (1975). Without such a showing and since less than two years elapsed from the time judgment was originally entered until the filing of the petition, equity dictates that the court consider the defenses raised by defendant.

However, plaintiff further contends that Pa.R.C.P. 209 operates to defeat defendant's petition. Rule 209 provides that when a respondent effectively denies material allegations in a petition to open, petitioner will either take depositions on disputed factual issues, or order the cause for argument, thereby conceding the existence of all facts properly pleaded in the answer: Instapak Corporation v. S. Weisbrod Lamp & Shade Co., Inc., 248 Pa. Superior Ct. 176, 374 A. 2d 1376 (1977).

The material allegations of defendant's petition in which she averred her defenses are four in number.

In paragraph 11, defendant avers that she "does not owe the amount claimed . . . for the reason that the amount claimed is inconsistant [sic] with the amount specified in the 'Notice of Intent to Foreclose' (Exhibit B), even after adjustment for additional interest and attorney's fees thereon."

In paragraph 12, defendant avers that she "does not owe the amount claimed . . . for the reason that she made payment to the [plaintiff] of the sum of $1,000.00 by check dated May 5, 1975, . . . marked Exhibit D, . . . which sum was not credited to her account arising out of her judgment note . . ., nor to the account of her mother, Anna E. Davis, with the [plaintiff], said account having been paid to the [plaintiff] by the bonding company for her former husband, David A. Kochard."

In paragraph 13, defendant avers that she "does not owe the amount claimed . . . for the reason that her note . . . pledged as collateral therefore [sic] her 'signature shares' and she has no information concerning the number, value and disposition of said shares or whether the same was credited to the account with the [plaintiff], said information being wholly in the possession of the [plaintiff]."

In paragraph 14, defendant avers that she "may owe unto the [plaintiff] no monies whatsoever since the note which she executed . . . was made payable unto the Reading Gas Employees Federal Credit Union and there is no evidence available to her that the same was thereafter assigned to the [plaintiff], . . . or that said [plaintiff] is entitled to recover the monies, if any, belonging unto Reading Gas Employees Federal Credit Union, notwithstanding the designation of the [plaintiff] as the 'successor' to said Reading Gas Employees Federal Credit Union."

To each of these averments plaintiff's responsive answer is the same: ". . . denied in that after reasonable investigation the plaintiff is unable to determine the truth or falsity thereof and proof is demanded upon the trial of this case." Plaintiff's response to paragraph 11 of the petition includes an additional sentence: "It is further alleged that the requirements of Act 6 have no applicability in this matter."[1]

Before the truth of a denial can be considered admitted by the opposing party as a result of Rule 209, it must first constitute a proper denial under the requirements of Pa.R.C.P. 1029. See 1A Anderson Pa. Civ. Prac. §209.27 (1976). Plaintiff's denials are in the form of a demand for proof pursuant to Rule 1029(c)(1). An answer employing the language of Rule 1029(c)(1) will be deemed inadequate where it appears from the pleading that a reasonable investigation necessarily would have disclosed the missing information or that the facts are such that the pleader would necessarily have knowledge of them: Scales v. Sheffield Fabricating and Machine Company, _____ Pa. Superior Ct. _____, 393 A. 2d 680 (1978); Frazier v. Ruskin, 203 Pa. Superior Ct. 525, 199 A. 2d 513 (1964).

Plaintiff's denials to the aforesaid paragraphs of the petition are found to be insufficient. From merely examining the record it is apparent that there is in fact an inconsistency between the Notice

---

1. This is a reference to the Act of January 30, 1974, P.L. 13, 41 P.S. §101 et seq. (hereinafter Act 6). As well as petitioning to have the confessed judgment opened, defendant requests that the sheriff's sale be postponed on the basis that plaintiff has failed to comply with the procedural requirements imposed by Act 6.

of Default and Intent to Foreclose, dated February 8, 1977, and the praecipe for writ of execution, dated August 19, 1977, as to what amount is owed by the defendant. The notice of default gives the amount owed as $1,269.30 while the praecipe claims the amount due is $2,215.44, to which is added interest of $22.16 plus costs. Plaintiff's demand for proof of this inconsistency is an incredibly inadequate response. The truth or falsity of defendant's averment that she paid $1,000 towards her account should be within the knowledge of the plaintiff or capable of ascertainment following a reasonable inquiry. The disposition of the collateral signature shares is a matter readily ascertainable by the plaintiff. Whether there is evidence available that the judgment note was assigned by Reading Gas Employees Federal Credit Union to the plaintiff is a matter capable of being admitted or specifically denied without a demand for proof.

Since defendant's averments asserting possible defenses were not effectively denied by plaintiff, defendant's ordering the cause for argument does not operate to admit the truth of the denials. Section 494 of the Berks County Rules of Court provides that "the procedure on petitions shall be in accordance with Pa.R.C.P. relating to the action of assumpsit. . . ." Therefore, pursuant to Pa.R.C.P. 1029(b), defendant's averments of facts alleging defenses are deemed admitted by the plaintiff for purposes of consideration of the petition to open judgment.

However, before a judgment may be opened it is required that the alleged defenses be meritorious: Fidelity Bank v. Act of America, Inc., _____ Pa. Superior Ct. _____, 392 A. 2d 784 (1978). Defendant's averred defenses are to the effect that the

judgment against her is more than is actually due and owing, and, therefore, the defenses are meritorious: Bellco Federal Credit Union v. Kimbrough, 70 Berks 331 (1978). The judgment will be opened.

By deciding to open the confessed judgment, we need not consider defendant's other argument that she was denied the protections offered by Act 6.

### ORDER

And now, March 30, 1979, it is ordered that the rule to show cause why the judgment should not be opened is made absolute, and the judgment is opened.

