J-A01042-17
J-A01043-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| PACCAR FINANCIAL CORP., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WATERBOYZ, INC., LARRY MOSTOLLER, | : | |
| JR., AND LARRY MOSTOLLER A/K/A | : | |
| LARRY MOSTOLLER, SR., | : | |
| | : | |
| Appellants | : | No. 1127 WDA 2016 |

Appeal from the Order Entered July 5, 2016
in the Court of Common Pleas of Somerset County
Civil Division at No(s): 179 Civil 2016

| | | |
|---|---|---|
| PACCAR FINANCIAL CORP., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LARRY MOSTOLLER A/K/A LARRY | : | |
| MOSTOLLER, SR., | : | |
| | : | |
| Appellant | : | No. 1128 WDA 2016 |

Appeal from the Order July 5, 2016
in the Court of Common Pleas of Somerset County
Civil Division at No(s): 137 Civil 2016

BEFORE:   BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED MAY 08, 2017**

Larry Mostoller, a/k/a Larry Mostoller, Sr. (Senior), Larry Mostoller, Jr.

(Junior), and Waterboyz, Inc. (collectively Defendants) appeal from the July

5, 2016 orders granting judgment on the pleadings in favor of PACCAR

___

*Retired Senior Judge assigned to the Superior Court.

Financial Corp. in two separate cases[1] involving Defendants' defaults on payments under various installment contracts. We affirm.

PACCAR[2] entered into ten installment contracts with Somerset Regional Water Resources, LLC (Somerset) for Somerset's financing of 22 commercial trucks. Senior signed the agreements on Somerset's behalf, and also executed ten security agreements by which he personally guaranteed repayment of each of the installment contracts. The agreements provided that Senior would be obligated to pay PACCAR immediately any payment that Somerset failed to make, regardless of whether PACCAR also proceeded against Somerset or the trucks that served as collateral. On April 1, 2016, PACCAR filed at docket number 137 Civil 2016 a complaint against Senior.

PACCAR also entered into installment contracts with Waterboyz to finance the purchase of six commercial trucks. Junior signed on behalf of Waterboyz, and both he and Senior signed personal guarantees that contain language identical to that discussed above. On April 1, 2016, PACCAR filed

---

[1] Counsel for PACCAR and Defendants agreed in the trial court that the issues in 137 Civil 2016 were identical to those in 179 Civil 2016. Similarly, briefs filed in this Court are nearly identical in each case, and the cases were presented together at oral argument. Hence, we dispose of the appeals in a single memorandum.

[2] While PACCAR was not a signatory to any of the original contracts at issue in this appeal, the sellers' interests in each contract were immediately assigned to PACCAR. For ease of disposition, we refer to all sellers as PACCAR rather than specify each original seller.

at docket number 179 Civil 2016 a complaint against Waterboyz, Junior, and Senior.

In the complaint in each case, PACCAR averred that the respective seller "defaulted under the installment contracts as a result of its failure to make payments when due and that Junior and Senior [were] obligated to pay all amounts owed by Waterboyz [and/or Somerset] under the installment contracts." Trial Court Opinion (179 Civil 2016), 8/30/2016, at 2 (unnecessary capitalization omitted). In their respective answers,

> Defendants responded to the foregoing averment by simply stating that the averment in the complaint constituted a conclusion of law for which no response was required, rather than specifically denying said averment. Furthermore, Defendants again responded in their answer to [PACCAR's] averment of Defendant[s'] obligation to pay all amounts, including the outstanding balance amount, by stating that the averment constituted a conclusion of law, and that the contract and guaranty are written documents which speak for themselves, and failing again to specifically deny the averment.

*Id.* (unnecessary capitalization omitted). Neither Somerset nor Waterboyz disputed that it was in default, and neither Junior nor Senior disputed that he executed the guarantees. "However, Defendants allege[d] that [PACCAR] had liquidated the capital, which has resulted in sufficient funds to satisfy any and all obligations owed to [it]." *Id.*

Somerset and Waterboyz each proceeded to file for bankruptcy. PACCAR obtained relief from the automatic stay in the Somerset bankruptcy, and Waterboyz's bankruptcy petition was dismissed. Thereafter, PACCAR

filed a motion for judgment on the pleadings in each case, which the trial court granted. Defendants timely filed notices of appeal, and Defendants and the trial court complied with Pa.R.A.P. 1925.

Defendants present three questions to this Court:

1.    Did the [trial] court err by granting [PACCAR's] motion for judgment on the pleadings and by determining that the allegations contained in the Defendants' answer[s] were general denials?

2.    Did the [trial] court err by failing to require [PACCAR] to prove the value of the collateral it repossessed?

3.    Did the [trial] court err by failing to provide any credits to the Defendants for the collateral sold and repossessed by [PACCAR]?

Defendants Brief (1127 WDA 2016) at 4. *See also* Senior's Brief (1128 WDA 2016) at 4 (same).

We consider Defendants' questions mindful of the following.

Our scope and standard of review in an appeal of an order granting a motion for judgment on the pleadings is well settled: this Court applies the same standard as the trial court and confines its consideration to the pleadings and documents properly attached thereto. We must determine whether the trial court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. We will affirm the grant of judgment on the pleadings only if the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise.

*LSI Title Agency, Inc. v. Evaluation Servs., Inc.*, 951 A.2d 384, 389 (Pa. Super. 2008) (citation omitted).

- 4 -

Defendants' three questions are interrelated. They first maintain that the trial court erred in determining that the denials in their answers were general denials. Defendants' Brief at 7; Senior's Brief at 7. The reason they offer for why their denials were not general, and thus should not have been deemed to be admissions, is that throughout their respective answers they claimed that a commercially-reasonable sale of the repossessed capital should have completely satisfied the debts. *Id.* at 8-9. Thus, they contend, the trial court should not have entered respective judgments in the full amounts alleged by PACCAR, but should have given credit to Defendants for the value of the collateral, which it could not have determined on a motion for judgment on the pleadings. *Id.* at 11-12.

The trial court offered the following explanation for its decision to grant PACCAR judgment on the pleadings in these cases.

> There essentially are no disputed issues of fact, and as a matter of law, it is clear that judgment is appropriate; and, I think the support for that is found in the case of *First Wisconsin Trust Company v. Strausser*[, 653 A.2d 688 (Pa. Super. 1995)]. To simply state that a paragraph in a complaint constitutes a conclusion of law is tantamount to an admission and does not allow a party to survive a motion for judgment on the pleadings.
>
> However, I do acknowledge that, clearly, we have this issue of damages, but I don't think it's an issue of whether there are or are not damages. There clearly are damages, and those damages are calculated at least initially based upon the financial documents which set forth the amount that is owed.
>
> Now, clearly, [Defendants have] remedies here with regard to setoffs and credits and things of that nature if these trucks are

- 5 -

sold; and, certainly, [Defendants have] the ability to make the argument … that [PACCAR] has not obtained reasonable values or utilized commercially reasonable practices to sell the trucks and truly recover what the value of those vehicles are, but I don't believe that that issue gets [Defendants] past the stage where we are today which is a motion for judgment on the pleadings.

Trial Court Opinion (179 Civil 2016), 8/30/2016, at 3-4 (quoting N.T., 7/5/2016, at 13-14).

We discern no error of law or abuse of discretion in the trial court's decisions. PACCAR's claims are for breach of contract. Thus, to be entitled to judgment on the pleadings, it was required to establish that there is no issue of material fact that following elements exist: "(1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *412 N. Front St. Assocs., LP v. Spector Gadon & Rosen, P.C.*, 151 A.3d 646, 657 (Pa. Super. 2016) (internal quotation marks and citation omitted).

The record shows that PACCAR's complaints sufficiently pled its causes of action. PACCAR alleged that it had contracts and/or guarantees with Defendants and attached copies thereof.[3] It further claimed that all unpaid installments became due under the terms of the contracts because the respective buyers failed to make required payments, and the respective

---

[3] Complaint (137 Civil 2016), 3/14/2016, at ¶¶ 5, 7, 15, 17, 22, 24, 29, 32, 36, 38, 43, 45. 50, 52, 57, 59, 64, 66, 71, 73, and Exhibits A, B, D-U; Complaint (179 Civil 2016), 4/4/2016, at ¶¶ 7, 13, 18, 24, 29, 34, and Exhibits A-F.

guarantors were required to pay the amounts owed.[4] Finally, PACCAR specified the amounts due under each contract to establish the amount of damages.[5]

Defendants did not plead facts to dispute the validity of the attached contracts, or to show that specific payments actually had been made, or to challenge the amounts outstanding under the contracts. Rather, Defendants in their answers claimed that each paragraph averred conclusions of law for which no response was required, and/or that the relevant contract spoke for itself.[6]

"Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." Pa.R.C.P. 1029(b). This Court has long held that such responses in these circumstances constituted admissions. *See*, *e.g.*, *Strausser*, 653 A.2d at 692 (holding that an answer's conclusion-of-law response to the complaint's averment of the amount due on the mortgage constituted an admission); *Frazier v. Ruskin*, 199 A.2d 513, 534-35 (Pa. Super. 1964) (providing

---

[4] Complaint (137 Civil 2016), 3/14/2016, at ¶¶ 9, 13, 19-20, 26-27, 33-34, 40-41, 47-48, 54-55, 61-62, 68-69, 75-76; Complaint (179 Civil 2016), 4/4/2016, at ¶¶ 9, 11, 15-16, 20-21, 26-27, 31-32, 36-37.

[5] *Id.*

[6] Answer (137 Civil 2016), 4/15/2016, at ¶¶ 5, 7, 9, 13, 15, 17, 19-20, 22, 24, 26-27, 29, 32-34 36, 38, 40-41, 43, 45, 47-48, 50, 52, 54-55, 57, 59, 61-62, 64, 66, 68-69, 71, 73, 75-76; Answer (179 Civil 2016), 4/15/2016, at ¶¶ 7, 9, 11, 13, 15-16, 18, 20-21, 24, 26-27, 29, 31-32, 34, 36-37.

conclusion-of-law answer to averment that specific payments had been made to named individuals as agents of defendants was an admission; "This again is a matter of which they obviously had first hand knowledge and their failure to deny it of their own knowledge renders their answer insufficient.").

Rather than deny that they were in default and that PACCAR was entitled to recover, Defendants opted to contest that PACCAR was entitled to the full amounts provided in the contracts because it had obtained some, if not all, money due through sale of the collateral.[7] We agree with the trial court that such allegations did not defeat entry of judgment on the pleadings in favor of PACCAR for the full amounts.

Under the express terms of the guarantees, the defaults rendered the respective guarantors "obligated to pay [the full contractual] amount immediately, **regardless of whether [PACCAR] has proceeded against Buyer or the Collateral**...."[8] That PACCAR may obtain some or all of its satisfaction from the sale of the collateral does not preclude entry of judgment against Defendants for the full contractual amount. *See* 13 Pa.C.S. § 9601(c) ("The rights [of a secured party after default] are cumulative and may be exercised simultaneously."). *Accord Spellman v. Indep. Bankers' Bank of Florida*, 161 So.3d 505, 508 (Fla. Dist. Ct. App.

---

[7] Answer (137 Civil 2016), 4/15/2016, at ¶¶ 19, 26, 33, 40, 47, 54, 61, 68, 75; Answer (179 Civil 2016), 4/15/2016, at ¶¶ 11, 26, 36.

[8] Complaint (137 Civil 2016), 3/14/2016, at Exhibits B, E, G, I, K, M, O, Q, S, U; Complaint (179 Civil 2016), 4/4/2016, at Exhibits B, C, E, F.

2014) (holding, based upon language identical to that of 13 Pa.C.S. § 9601(c), that the secured creditor "may obtain a money judgment for the full amount due and then proceed to dispose of the collateral").[9]

That does not mean that PACCAR will be permitted to recover more than the amount owed. To the contrary, PACCAR acknowledges that Pennsylvania's Commercial Code requires PACCAR to sell the collateral in a commercially-reasonable manner, 13 Pa.C.S. § 9610(b) ("Every aspect of a disposition of collateral, including the method, manner, time, place and

_____

[9] While there is no Pennsylvania case law construing the statute, the Florida court's **Spellman** decision collects case law from various jurisdictions consistent with our ruling herein:

> See **SFG Commercial Aircraft Leasing, Inc. v. N59CC, LLC**, No. 3:09 CV 101 PPS, 71 U.C.C. Rep.Serv.2d 309, 2010 WL 883764 (N.D.Ind.2010); see also **Banc of Am. Leasing & Capital, LLC v. Walker Aircraft, LLC**, Civil No. 09–1277 (JNE/AJB), 2009 WL 3283885, at *3 (D.Minn. Oct. 9, 2009) (finding U.C.C. provisions 9–601(a) and (c) expressly permit plaintiff to obtain money judgment for full amounts due on loans even though plaintiff possessed aircraft, which was secured as collateral after default); **Ctr. Capital Corp. v. JR Lear 60–099, LLC**, 674 F.Supp.2d 569, 572–73 (D.Del. 2009) (same); **Ctr. Capital Corp. v. Marlin Air, Inc.**, No. 07–15128, 2008 WL 937491, at *5 (E.D.Mich. Apr. 7, 2008) ("[T]he Court finds Plaintiff's position, that it can simultaneously obtain a money judgment and foreclose its lien, to be supported by the express terms of the contract, the applicable caselaw, and the UCC."); 68A Am. Jur. 2d Secured Transactions § 445 (2014) ("A secured creditor may take any action or combination of actions until the debt is satisfied, subject to the limitation that the creditor can obtain only one satisfaction of the debt.").

**Spellman**, 161 So.3d at 508-09.

other terms, must be commercially reasonable."); to account to Defendants, and to credit Defendants or pay them any surplus. PACCAR's Brief (1127 WDA 2016) at 12; PACCAR's Brief (1128 WDA 2016) at 11-12. Defendants may pursue claims against PACCAR if it fails to do so. **See** 13 Pa.C.S. § 9625 ("Remedies for secured party's failure to comply with division.").

Accordingly, the trial court did not err in entering the July 5, 2016 orders granting PACCAR's motions for judgment on the pleadings. Rather, it correctly determined that Defendants' only "defense," *i.e.* that they deserve credit for the value of collateral repossessed, is relevant to different proceedings.

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2017