J-A15031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CITIZENS BANK OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT PHILLIP MAIZEL | : | |
| | : | |
| Appellant | : | No. 3502 EDA 2018 |

Appeal from the Order Entered November 19, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2018-03183

BEFORE:   BENDER, P.J.E., GANTMAN, P.J.E., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                **FILED SEPTEMBER 24, 2019**

Appellant, Robert Phillip Maziel (Appellant), appeals from the order of the Honorable Gail A. Weilheimer, on November 19, 2018, granting Plaintiff Citizen Bank's (Citizens) motion for judgment on the pleadings in an action arising out of a loan Citizens made to Appellant's former law practice, Borjeson & Maizel, LLC (B & M), that Appellant guaranteed.  We affirm.

Appellant and his law partner at the time, Eric Borjeson, maintained a law practice, B & M, in 2007.  Citizens filed a complaint against Appellant on February 8, 2018.  In this complaint, Citizens alleged on or about August 21, 2007, the bank entered into a loan transaction with B & M, whereby B & M executed and delivered to the bank a commercial line note in the original principal amount of $100,000.00.  Complaint ¶ 3, 2/8/18.  Citizens further alleged, in order to induce the bank to enter into the note, Appellant executed

_____
*   Retired Senior Judge assigned to the Superior Court.

and delivered to the bank his guaranty agreement, agreeing to guaranty and act as surety for B & M's obligations under the note and any other obligation of B & M to the bank. Id. ¶ 4. Citizens alleged that B & M has drawn on and received funds from the bank in connection with the note, and has defaulted on its obligations to the bank under the note by virtue of, among other things, failing to make payments when and as due in accordance with the terms of the note. Id. ¶¶ 5, 6. Citizens alleged that Appellant has defaulted on his obligations under the guaranty by virtue of, among other things, failing to cure B & M's default. Id. ¶ 7. Citizens alleged that on or about January 18, 2018, the bank notified Appellant of his default under the guaranty and that Appellant failed to repay the bank after written demand. Id. ¶¶ 8, 9. Citizens alleged the amount due and payable under and in connection with the note and guaranty as of February 5, 2018 was $26,093.31. Id. ¶ 10. Lastly, Citizens alleged that it was entitled to recover all its collection expenses, including without limitation, its attorney's fees which it estimated to be $2,500.00. Id. ¶ 11.

Appellant filed preliminary objections stating that Citizens failed to join a necessary party, his former law partner, and seeking dismissal of the complaint. The trial court overruled the preliminary objections. Appellant filed an answer to the complaint, responding to averments one and three - eleven with the following response: "Denied. After a reasonable investigation, Maizel is without knowledge or information to form a belief as to the truth of

the averments contained in this paragraph, and therefore Maizel denies the allegations." Appellant's Answer, 6/28/18, ¶¶ 1, 3-11. Additionally, Appellant responded that the averments at paragraph 3 and 11 contained conclusions of law to which no response is required. Id. ¶¶ 3, 11. Appellant also included "new matter," stating several defenses and included an averment that all funds were received by Appellant's former law partner and, therefore, liability rests with him. Appellant's New Matter, ¶¶ 1-10. Citizens filed a reply to the new matter, denying all the allegations as conclusions of law to which no response is required. Citizens Reply to New Matter, 6/29/18, ¶¶ 1-10.

Citizens then filed a motion for judgment on the pleadings, alleging that because Appellant generally denied the averments in the complaint, they should be deemed admitted. Citizens argued that since Appellant has admitted the averments in the complaint, it has proved a *prima facie* case for breach of contract and judgment on the pleadings should be granted. Appellant filed a response alleging he properly denied the averments in Citizen's complaint by way of Pa.R.C.P. 1029(c).[1] The trial court granted Citizen's motion for judgment on the pleadings on November 19, 2018.

_____

[1] "A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial." Pa.R.C.P. 1029(c).

Appellant filed a timely appeal.[2]  Appellant raises the following issues on appeal:

1. Did the trial court err as a matter of law in granting the Plaintiff's Motion for Judgment on the Pleadings, where doing so was contrary to the law, because issues of fact exist in this matter?

2. Did the trial court err as a matter of law in determining the Plaintiff was entitled to judgment as a matter of law and a *prima facie* judgment when it found that Defendant's denials within his Answer to Complaint were "general" denials?

Appellant's Brief at 4.  (suggested answers omitted).

When reviewing a grant of judgment on the pleadings, our scope of review is plenary and our standard of review is de novo.  ***Rice v. Diocese of Altoona-Johnsontown***, 212 A.3d 1055, 1061 (Pa. Super. 2019), *reargument denied* (August 14, 2019).

The Superior Court applies the same standard as the trial court and confines its considerations to the pleadings and documents properly attached thereto.  ***Donaldson v. Davidson Bros., Inc.***, 144 A.3d 93, 101 (Pa. Super. 2016) (citations omitted).  The Court will review to determine whether the trial court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the

_____

[2] The Appellant filed his Pa.R.A.P. 1925(b) statement on November 26, 2018, attached to his notice of appeal.  The trial court ordered a Rule 1925(b) statement on December 10, 2018.  Appellant complied with this order by serving his Rule 1925(b) statement upon Judge Weilhemer on December 11, 2018.

pleadings which should properly go to the jury. *Id.* The Court will affirm the grant of judgment on the pleadings if the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise. *Id.*

Before reviewing Appellant's issues on the merits, we must first determine whether Appellant preserved his issue for appellate review under Pa.R.A.P. 1925(b).

> In **Commonwealth v. Lord**, [] 719 A.2d 306 ([Pa.] 1998), the Pennsylvania Supreme Court held that issues not included in a Pa.R.A.P. 1925(b) statement are deemed waived on appeal. The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Pa.R.A.P. 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

**Commonwealth v. Lemon**, 804 A.2d 34, 36–37 (Pa. Super. 2002) (internal citations omitted); *see also Lord*, 719 A.2d at 308.

> When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

*Lemon*, 804 A.2d at 37 (internal citations and quotations omitted).

Pa.R.A.P. 1925(b) exists primarily to require the appellant to identify with certainty each of the issues to be addressed on appeal. *Lemon*, 804 A.2d at 37. "An appellant must have an opportunity to frame his/her own

- 5 -

issues which will guide the trial court's subsequent opinion." *Id*. at 38. It is not up to the trial court to frame the issues for an appellant, either by "guessing or anticipating." *Id*. "When an appellant fails to identify in a vague Pa.R.A.P. 1925(b) statement the specific issue he/she wants to raise on appeal, the issue is waived, even if the trial court guesses correctly and addresses the issue in its Pa.R.A.P. 1925(a) opinion." *Id*.

Appellant's Rule 1925(b) statement averred that the trial court erred as follows:

> 1. Granting Plaintiff's Motion for Judgment on the Pleadings was contrary to the law in the Commonwealth of Pennsylvania.
>
> 2. The Court erred in granting Plaintiff's Motion for Judgment on the Pleadings.
>
> 3. The Court made an abuse of discretion and/or an error of law in granting Plaintiff's Motion for Judgment on the Pleadings.
>
> 4. The Court erred and ignored the evidence that the [sic] a genuine issue of material fact exists in this matter, and therefore the granting a motion for judgment on the pleadings was not germane in this matter.
>
> 5. The Court erred and ignored the law which prohibits a creditor from seeking a double recovery and/or remainder of the debt on a judgment, as a judgment has previously been issued against Defendant's loan co-signer in this matter.
>
> 6. The Court erred and decided contrary to the law in the Commonwealth of Pennsylvania that the instant action was closed and/or dismissed by granting Plaintiff's Motion for Judgment on the Pleadings.
>
> 7. The Court erred and decided contrary to the law in the Commonwealth of Pennsylvania that the Plaintiff was entitled to judgment on the pleadings based solely on the argument

that Plaintiff was entitled to a *prima facie* judgment in this contract matter.

Appellant's Rule 1925(b) statement, 11/26/18.

Appellant's first, second, third and sixth appellate issues generally complained that the trial court erred in granting Citizen's judgment on the pleadings. Appellant does not identify any specific error he is alleging the trial court made, nor does he point to any law that the trial court purportedly violated. We find that Appellant's issues one, two, three, and six are too vague to merit review. Accordingly, because we conclude that those items in Appellant's Rule 1925(b) statement are so vague as to be the functional equivalent of no Rule 1925(b) statement at all, we find these issues waived. *See Lemon*, 804 A.2d at 37; *see also Commonwealth v. Williams*, 204 A.3d 489, 495 (Pa. Super. 2019) (concluding that a vague Rule 1925(b) statement hampered appellate review and finding issue waived).

Appellant's issues four and seven are likewise waived for vagueness. Appellant does not specify what evidence the trial court purportedly disregarded, nor does he proffer any basis why he believed the trial court erred in determining Citizens was entitled to a "*prima facie* judgment." This left the trial court to speculate as to the specific issues raised on appeal. As a result, in its Rule 1925(a) opinion in response to Appellant's Rule 1925(b) statement, the trial court summarily dismissed Appellant's claims, and generally opined that it properly determined no issue of material fact existed and that Appellant admitted the claims in Citizen's complaint by failing to

specifically respond per Pa.R.C.P. 1029(b).[3] *See* TCO at 4. Accordingly, we find these issue waived for vagueness. *See Lemon*, 804 A.2d at 37; *see also Williams*, 204 A.3d at 495.

Finally, while Appellant raised the issue, "[t]he Court erred and ignored the law which prohibits a creditor from seeking a double recovery and/or remainder of the debt on a judgment, as a judgment has previously been issued against Defendant's loan co-signer in this matter," in his Rule 1925(b) statement, we agree with the trial court that this issue is waived as this argument was not made in his response in opposition to Citizen's motion for judgment on the pleadings. *See* Pa.R.A.P. 302 ([i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal); *see also Steiner v. Markel,* 968 A.2d 1253, 1257 (Pa. 2009) (issues not raised before the trial court cannot be preserved or resurrected by including in a Rule 1925(b) statement); *see also Estate of O'Connell,* 79 A.3d 1134, 1140 (Pa. Super. 2013).

Even if Appellant had preserved for appellate review the issues that he argues in this appeal, they are meritless. Appellant's claim that he believed his ex-law partner was responsible for paying the loan, and therefore, an issue of material fact exists, is meritless. An unambiguous contract is interpreted

---

[3] "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." Pa.R.C.P. 1029(b).

by the court as a matter of law. ***Commonwealth by Shapiro v. UPMC***, 208 A.3d 898, 910 (Pa. 2019). Where language of a contract is clear and unambiguous, the focus of interpretation is upon the terms of the agreement as manifestly expressed, rather than as, perhaps, silently intended. ***Wert v. Manorcare of Carlisle PA, LLC,*** 124 A.3d 1248, 1260 (Pa. 2015) (citations omitted). Appellant does not dispute he signed the guaranty of the Citizen's loan. The guaranty contains the following language:

> Guarantor name and address: Robert Phillip Maizel . . . Lender: Citizens Bank of Pennsylvania 1735 Market Street Philadelphia, PA 19103. . . The guarantor hereby guarantees to the lender the full and punctual payment when due (whether at maturity, by acceleration or otherwise), and the performance, of all liabilities, agreements and other obligations of the Customer to the Lender . . . This guaranty is an absolute, unconditional and continuing guaranty of the full and punctual payment and performance of the obligations and not of their collectability only . . . The liability of the guarantor hereunder shall be unlimited . . . [the Guarantor] agrees that the obligations of the Guarantor shall not be released or discharged, in whole or in part, or otherwise affected by (a) the failure of the Lender to assert any claim or demand or to enforce any right or remedy against the [Borrower]; . . . (d) the substitution or release of any entity primarily or secondarily liable for any of the obligations; (e) the adequacy of any rights the Lender may have against any collateral or other means of obtaining repayment of the obligations. . .

Guaranty, 8/21/2007. Appellant's subjective belief that his law partner was responsible for making the payments on the loan, therefore, does not constitute a defense to Citizen's claim.

Likewise, if Appellant had preserved for appellate review an issue of whether he properly availed himself of Pa.R.C.P. 1029(c) in answering Citizen's complaint, we would find that Appellant admitted the averments of

the complaint upon which judgment on the pleadings was based.  Rule 1029 provides:

> (a)    A responsive pleading shall admit or deny each averment of fact . . .
>
> (b)    Averments in a pleading which are not specifically denied are deemed to be admitted.  A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.
>
> (c)    A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.
>
> Note:  Reliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false. **See Cercone v. Cercone**, 254 Pa.Super. 381, 386 A.2d 1 (Pa. Super. 1978). . . .

Pa.R.C.P. 1029.  In his answer to Citizen's complaint, Appellant denied averments one, and three – eleven, claiming that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averments.  However, Appellant's denials do not comply with Rule 1029(c), as a person may not rely on Rule 1029(c) to excuse a failure to make a specific denial when it is clear that he must know whether a particular allegation is true or false.  **See First Wisconsin Trust Co. v. Strausser**, 653 A.2d 688, 692 (Pa. Super. 1995) (denial of knowledge of total amount of mortgage due deemed insufficient under Rule 1029(c) and therefore averment was admitted); **see Frazier v. Ruskin**, 199 A.2d 513, 534 (Pa. Super. 1964) (finding that landlord's denial, under Rule 1029(c), of

- 10 -

receiving payment by tenant is patently insufficient since it is clear that landlord must know whether or not they received the payment, therefore the payments to them are taken as admitted); *see also Cercone v. Cercone*, 386 A.2d 1, 5 (Pa. Super. 1978) (finding appellant could not rely on Rule 1029(c) where she clearly would have sufficient personal knowledge to admit or deny if she individually received funds from appellees that she promised to repay); *see also Bank of America, N.A. v. Gibson*, 102 A.3d 462, 467 (Pa. Super. 2014) (mortgagee's ineffective denials and improper claims of lack of knowledge of material portions of Bank's complaint constituted admissions where mortgagee is deemed to know principal and interest owing on mortgage).

As to the averments contained in paragraphs 3 and 4, Appellant could not properly utilize the narrow exception formulated in Rule 1029(c). Paragraph 3 contained the following averment:

> On or about August 21, 2007, the Bank entered into a loan transaction with Barbieri & Borjeson, LLC f/k/a Borjeson & Maizel, LLC ("Borrower"), whereby Borrower executed and delivered to the Bank, a Commercial Line Note in the original principal amount of $100,000.00 (collectively with any modifications, extensions and/or renewals, including without limitation modification agreements dated August 2, 2011 and November 11, 2013, the "Note"). A true and correct copy of the Note is attached hereto and made a part hereof as Exhibit "A."

Complaint, ¶ 3. To this Appellant made a denial under Rule 1029(c). However, all Appellant had to do in order to admit or deny this averment was scrutinize the contract, to which Appellant fixed his signature as partner of B

& M. *See Scales v. Sheffield Fabricating and Mach. Co.,* 393 A.2d 680, 683 (Pa. Super. 1978) (finding appellant's denial under Rule 1029(c) to be classically and inherently incredible where appellant was involved in all stages of the transaction, including the signing of the contract, all appellant had to do was scrutinize the contract and corporate records to determine whether appellee had been paid only $5,000 of the $10,000 due under the contract). As such, Appellant made a general denial and the trial court properly deemed this response to constitute an admission for failure to admit or specifically deny the averments in paragraph 3. *See* Pa.R.C.P. 1029(b). Likewise, the averment in paragraph 4 stated:

> In order to induce the Bank to enter into the Note, Guarantor executed and delivered to the Bank his Guaranty agreement, agreeing to guaranty and act as surety for Borrower's obligations under the Note and any other obligation of Borrower to the Bank (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit "B."

Complaint, ¶ 4. Appellant's signature is affixed to the Guaranty, which states that Appellant guarantees and agrees to act as surety for B & M's obligations under the contract. As such, all Appellant had to do was scrutinize the Guaranty in order to admit or deny the averment. Appellant did not properly utilize Pa.R.C.P. 1029(c) in this instance, and as such made a general denial to this averment, which the trial court properly deemed an admission. *See Scales v. Sheffield*, 393 A.2d at 683.

Appellant alleged that he did not have the knowledge or information to form a belief as to the truth of the averments in paragraphs 6, 8, 9 and 10.

- 12 -

Paragraph 6 and 10 state, "[b]orrower has defaulted on its obligations to the Bank under the Note by virtue of, among other things, failing to make payments when and as due in accordance with the terms of the Note" and "[a]s a result of said defaults, the following amounts are immediately due and payable under and in connection with the Note and Guaranty as of February 5, 2018 . . . total $26,093.31." Complaint, ¶¶ 6, 10. Citizens also avers that "although not required to do so, on or about January 18, 2018, the Bank notified Appellant of his default under the guaranty," including the amount owed, and attached a copy of the letter sent to Appellant. Complaint, ¶ 8. Appellant responded that he did not have sufficient knowledge to form a belief as to the truth of the averments. However, Appellant necessarily knew whether or not he received the letter, and yet attempted to avail himself of the exception to Rule 1029(c), again, unsuccessfully. Importantly, Appellant does not dispute that he signed the guaranty. Appellant had sufficient personal knowledge to specifically admit or deny these averments. The averment in paragraph 9 stated, "[t]he Guarantor failed to repay the Bank after written demand." Complaint, ¶ 9. Appellant clearly has personal knowledge of whether he, individually, made any payments to Citizens. *See Cercone*, 386 A.2d at 5. Instead, he attempted to rely, unsuccessfully, on the exception of Rule 1029(c).

Given the insufficiency of Appellant's denials, Appellant admitted the averments of the complaint. Citizens was therefore entitled to judgment on

the pleadings and the trial court did not err in granting judgment on the pleadings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/19