J-S23033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR-IN-INTEREST TO WACHOVIA BANK, N.A., AS TRUSTEE FOR PARK PLACE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-WWFI C/O WELLS FARGO BANK, N.A. | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| TODD W. LONGSTREET AND DONNA M. LONGSTREET, | : : : | |
| Appellants | : | No: 1437 EDA 2016 |

Appeal from the Order entered March 29, 2016
in the Court of Common Pleas of Bucks County,
Civil Division, No(s): 2013-06183

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                          **FILED May 19, 2017**

Todd W. Longstreet and Donna M. Longstreet ("the Longstreets") appeal from the Order granting summary judgment in favor of U.S. Bank National Association, as Trustee, Successor-in-Interest to Wachovia Bank, N.A., as Trustee for Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-WWF1 c/o Wells Fargo Bank, N.A. ("U.S. Bank"), in a mortgage foreclosure action with respect to real property located at 420 East Rockhill Road, Sellersville, Pennsylvania ("the Property").  We affirm.

On November 17, 2004, the Longstreets entered into a home mortgage loan transaction with Argent Mortgage Company, LLC ("Argent"),

wherein the Longstreets executed an Adjustable Rate Note ("the Note") for $200,100, plus interest. The Note provides for initial monthly payments of $1,538.60, to commence on January 1, 2005, and an initial interest rate of 8.5% per annum. On the same date, the Longstreets executed a Mortgage on the Property to secure the Note, which was recorded in the Bucks County Recorder of Deeds Office on February 4, 2005.

On November 22, 2004, Argent assigned the Mortgage to Ameriquest Mortgage Company ("Ameriquest"). On the same date, Ameriquest assigned the Mortgage to Wachovia Bank, N.A., as Trustee, Pooling and Servicing Agreement, dated as of November 1, 2004, Asset-Backed, Pass-Through Certificates, Series 2004-WWF1 ("Wachovia"). Both assignments were recorded on January 2, 2007.

The Longstreets executed a Loan Modification Agreement with America's Servicing Company ("ASC"),[1] dated December 19, 2008, wherein the Longstreets acknowledged that the unpaid principal balance under the Mortgage was $201,992.10. The Loan Modification Agreement provides for a modified unpaid principal balance of $209,146.00, and a fixed interest rate of 8.5% per annum.

In a second Loan Modification Agreement with ASC, dated September 25, 2009, the Longstreets acknowledged that the unpaid principal balance under the Mortgage was $208,389.62. The second Loan Modification

---

[1] ASC is a division of Wells Fargo Bank, N.A., Wachovia's attorney-in-fact.

Agreement provides for a modified unpaid principal balance of $225,230.67, and a fixed interest rate of 6.0% per annum.

The Longstreets executed a third Loan Modification Agreement with ASC, dated September 30, 2010, wherein the Longstreets acknowledged that the unpaid principal balance under the Mortgage was $223,929.25. The third Loan Modification Agreement provides for a modified unpaid principal balance of $236,520.87 and a fixed interest rate of 4.0% per annum, and extends the maturity date of the mortgage to November 1, 2050.

On October 1, 2011, the Longstreets defaulted on the Mortgage by failing to make their monthly payment. The Longstreets failed to cure their default.

On July 16, 2013, the Mortgage was assigned to U.S. Bank. The assignment was recorded on July 22, 2013.

U.S. Bank filed a Complaint in mortgage foreclosure on August 12, 2013, appending thereto the Note and the legal description of the Property. The Longstreets did not file an answer to U.S. Bank's Complaint, and on October 21, 2013, U.S. Bank was awarded a default judgment in the amount of $267,462.01.

On January 24, 2014, the Longstreets filed a Petition to Open Default Judgment/Motion to Vacate Judgment, and a brief in support thereof. By Order dated August 19, 2014, the trial court granted the Longstreets' Petition, and instructed them to file a responsive pleading within 20 days.

On October 2, 2014, the Longstreets filed an Answer and New Matter, alleging, *inter alia*, that U.S. Bank has no ownership interest in the Note, and is not the assignee of the Mortgage; U.S. Bank failed to properly or timely record the assignment; and U.S. Bank lacks standing to initiate a foreclosure action. On the same date, the Longstreets filed a Motion to Request Additional Time for Conducting Depositions, which the trial court granted. U.S. Bank filed a Reply on December 8, 2014, and an Amended Reply on December 12, 2014.

On October 27, 2015, U.S. Bank filed a Motion for Summary Judgment, and a brief in support thereof, alleging that there were no genuine issues of material fact in dispute. The Longstreets filed a Response. On March 29, 2016, the trial court granted summary judgment in favor of U.S. Bank, and awarded U.S. Bank an *in rem* judgment against the Longstreets in the amount of $310,767.13, plus interest, costs and charges collectible for the foreclosure and sale of the Property.

The Longstreets filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, the Longstreets raise the following questions for our review:

I. Was [U.S. Bank's] Motion for Summary Judgment improvidently granted?

II. Did the [trial] court err in granting [U.S. Bank's] Motion for Summary Judgment under the circumstances, where [the Longstreets] have raised genuine issues of material fact as to:

(1) whether [U.S. Bank] is in possession of the original [] Note; [and] (2) whether the responses contained in [the Longstreets'] Answer constitute judicial admissions[?]

III. Did the [trial] court err in granting [U.S. Bank's] Motion for Summary Judgment where discovery [has] not yet been completed[?]

Brief for Appellants at 4.[2]

Our standard of review of an order granting a motion for summary judgment is well-settled:

We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: The trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Daley v. A.W. Chesterton, Inc.*, 37 A.3d 1175, 1179 (Pa. 2012) (citation omitted).

"The holder of a mortgage has the right, upon default, to bring a foreclosure action." *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014). Further, in mortgage foreclosure proceedings, "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on

---

[2] We observe that the Longstreets failed to structure their appellate brief such that the argument section is "divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a).

the obligation, and the recorded mortgage is in the specified amount." *Id.* at 465.

The Longstreets' first claim, as set forth in their Statement of Questions Involved, includes only the bare assertion that the trial court erred in granting U.S. Bank's Motion for Summary Judgment. Brief for Appellants at 4. Because the Longstreets' first claim encompasses their remaining claims, and their brief includes no separate argument as to this issue, we decline to address the Longstreets' first question as an independent claim. *See* Pa.R.A.P. 2119(a).

In their second claim, the Longstreets argue that the trial court erred in finding that U.S. Bank has standing to enforce the Mortgage. Brief for Appellants at 11-14, 15-20. The Longstreets challenge U.S. Bank's status as the holder of the Note. *Id.* at 15-17. The Longstreets claim that U.S. Bank's Complaint does not aver that U.S. Bank is in possession of the Note. *Id.* at 16-17. The Longstreets also claim that the affidavit of Cynthia A. Thomas ("Thomas"), Vice President of Loan Documentation at Wells Fargo Bank, N.A., U.S. Bank's servicing agent, "states merely that it has possession of the Note 'either directly or through an agent' and is 'either the original payee of the [] Note or the [] Note has been duly indorsed.'" *Id.* at 17. Additionally, the Longstreets assert that in its Motion for Summary Judgment, U.S. Bank "unequivocally admitted that it has not yet established possession." *Id.*

In a foreclosure action, the plaintiff can prove standing either by showing that it (1) originated or was assigned the mortgage, or (2) is the holder of the note specially indorsed to it or indorsed in blank. *See J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1267-68, n.6 (Pa. Super. 2013).

A promissory note accompanied by a mortgage is a negotiable instrument under the Pennsylvania Uniform Commercial Code ("PUCC").[3] *Id.* at 1265-66. A holder of a negotiable instrument is a "person entitled to enforce" it under the PUCC. 13 Pa.C.S.A. § 3301(1). A "holder" is defined, in relevant part, as "the person in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession[.]" *Id.* § 1201(b)(21)(i). Under the PUCC, a note is payable to its bearer if it is indorsed "in blank," *i.e.*, it is not indorsed to an identified person or to the bearer. *See id.* § 3205(b).[4]

Here, U.S. Bank attached to its Complaint and Motion for Summary Judgment a copy of the Note, which contains two indorsements: a special

---

[3] *See* 13 Pa.C.S.A. §§ 1101 *et seq*.

[4] Section 3205(b) provides that "[i]f an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." 13 Pa.C.S.A. § 3205(b). By contrast, a "special indorsement" is one made by the holder of an instrument that "identifies a person to whom it makes the instrument payable[.]" *Id.* § 3205(a). "When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person." *Id.*

indorsement by Argent to Ameriquest, and an indorsement in blank by Ameriquest. **See** Complaint, 8/12/13, Exhibit A; **see also** Motion for Summary Judgment, 10/27/15, Exhibits A-1. U.S. Bank also attached to its Motion for Summary Judgment Thomas's affidavit, attesting that U.S. Bank is in possession of the Note, either directly or through its agent. **See** Motion for Summary Judgment, 10/27/15, Exhibit B. The Longstreets failed to offer evidence, in opposition to the Motion for Summary Judgment, that establishes a genuine issue of material fact regarding U.S. Bank's status as the holder of the Note.[5] **See Gibson**, 102 A.3d at 466 (affirming the trial court's entry of summary judgment in favor of the bank, where the record established that the bank held the note, and appellant failed to offer evidence or legal authority to the contrary). Thus, the trial court did not err or abuse its discretion in determining that U.S. Bank, as the holder of the Note, which is indorsed in blank, has standing to enforce the Longstreets' Mortgage.

---

[5] The trial court concluded, and we agree, that U.S. Bank also established standing by proving ownership of the Mortgage via assignment. **See** Trial Court Opinion, 6/28/16, at 8; **see also** Motion for Summary Judgment, 10/27/15, Exhibit A-5, A-6, A-7; **Gerber v. Piergrossi**, 142 A.3d 854, 860 (Pa. Super. 2016) (concluding that, where the evidence of record established that appellees held the mortgage by valid assignment, and appellants offered no evidence to establish a genuine issue of material fact, the trial court did not err by granting summary judgment in favor of appellees); **CitiMortgage, Inc. v. Barbezat**, 131 A.3d 65, 69 (Pa. Super. 2016) (stating that "[w]here an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights.").

The Longstreets also challenge the trial court's conclusion that general denials contained in their Answer and New Matter constitute admissions. Brief for Appellants at 11-13. The Longstreets argue that, contrary to the trial court's findings, the responses set forth in their Answer "go far beyond a mere general denial." *Id.* at 12. Additionally, the Longstreets point to this Court's decision in **U.S. Bank, N.A. v. Pautenis**, 118 A.3d 386 (Pa. Super. 2015),[6] and assert that "it is actually quite likely that [the Longstreets] do not have sufficient knowledge or information to determine the accuracy of [U.S. Bank's] claims regarding the precise amount allegedly due[,]" because the Mortgage is subject to an adjustable rate and has been assigned and modified several times. Brief for Appellants at 14.

Pennsylvania Rule of Civil Procedure 1029 provides, in relevant part, as follows:

**Rule 1029. Denials. Effect of Failure to Deny**

> (a) A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive. A party denying only a part of an averment shall specify so much of it as is admitted and shall deny the remainder. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

---

[6] In **Pautenis**, this Court upheld the trial court's conclusion that the homeowner could deny sufficient information to admit or deny the amount owed on her mortgage, where the homeowner provided specific evidence (*i.e.*, accountings provided by the bank that inexplicably increased the principal on the mortgage) that she was unable to ascertain the amount owed. **Pautenis**, 118 A.3d at 396-97.

(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.

(c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.

> *Note*: Reliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false. *See Cercone v. Cercone*, 254 Pa. Super. 381, 386 A.2d 1 (1978).

Pa.R.C.P. 1029(a)-(c); *see also Pautenis*, 118 A.3d at 396 (stating that "[u]nquestionably, apart from the mortgagee, the mortgagors are the only parties who would have sufficient knowledge on which to base a specific denial[.]" (brackets omitted) (citing *New York Guardian Mortgage Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa. Super. 1987)).

In its Complaint, U.S. Bank alleges that the Longstreets executed a Mortgage in favor of Argent in the amount of $200,100; U.S. Bank has possession of the Note, either directly or through an agent, and is either the original payee of the Note or the Note has been duly indorsed; and the Mortgage is in default as a result of the Longstreets' failure to pay monthly installments due October 1, 2011. *See* Complaint, 8/12/13, ¶¶ 3-4, 7. Paragraph 8 of the Complaint also details, by line item, the total amount due on the Mortgage. *Id.* ¶ 8. The Longstreets admitted only their identity, and that they are the real owners of the Property. *See* Answer and New Matter,

10/2/14, ¶ 2, 6. As to all remaining allegations (most relevantly,

paragraphs 7 and 8), the Longstreets provided the following response:

> Denied. The allegations contained within [Paragraphs 7 and 8] contain conclusions of law to which no responsive pleading is required. By way of further denial, only the Note Holder is entitled to declare a default. It is affirmatively alleged that [U.S. Bank] is not the legal holder of the Note/Mortgage, nor has the Note been properly [i]ndorsed and/nor has the Mortgage been properly and legally assigned. Moreover, [U.S. Bank] has not proven that the alleged documents filed of public record are in fact authentic and/or proper, and therefore, has failed to attach the subject documents in their entirety to the Complaint. Strict proof is demanded at the time of trial.

*Id.* ¶¶ 7-8.

The trial court concluded that the Longstreets' response constitutes "a

boilerplate general denial that serves as an admission of [U.S. Bank's]

allegations." Trial Court Opinion, 6/28/16, at 10. Upon review, we agree

with the trial court's conclusion. The Longstreets argue that the trial court's

conclusion is erroneous because they did not rely on Rule 1029(c) in

responding to U.S. Bank's allegations concerning the amount owed on the

Mortgage. Brief for Appellants at 13. Nevertheless, the Longstreets failed to

plead specific facts regarding how much they claim to have paid, when those

payments were made, or what amounts they claim are due under the

Mortgage. Because U.S. Bank's Complaint includes averments of fact to

which a responsive pleading was required, the Longstreets' general denials

constitute admissions pursuant to Rule 1029(b). **See** Pa.R.C.P. 1029(b);

**see also First Wisconsin Trust Co. v. Strausser**, 653 A.2d 688, 692 (Pa.

Super. 1995) (concluding that a mortgagor's general denial regarding the amount owed under his mortgage constitutes an admission). Accordingly, the trial court did not err or abuse its discretion in concluding that the Longstreets' general denials constitute admissions, and that, as a result, there was no genuine issue of material fact to prevent the entry of summary judgment in favor of U.S. Bank. *See Gibson*, 102 A.3d at 465.[7]

In their third claim, the Longstreets assert that the trial court erred in concluding that additional discovery would not have assisted in establishing of a genuine issue of material fact. Brief for Appellants at 20. The Longstreets claim that U.S. Bank's "continual obstruction for the taking of depositions and withholding documentation significantly contributed to the lack of progress of discovery[,]" and that U.S. Bank's "obstinate behavior simply should not be rewarded[.]" *Id.* at 20 n.7. The Longstreets argue that additional discovery "would be of assistance" in establishing whether U.S. Bank is in possession of the Note. *Id.* at 22.

Pennsylvania Rule of Civil Procedure 1035.2 provides the following:

---

[7] To the extent that the Longstreets argue, in their brief, that it is likely that they would not have sufficient knowledge to determine the accuracy of U.S. Bank's averments as to the amount owed on the Mortgage, we note that their reliance on *Pautenis* is misplaced. The Longstreets did not produce specific evidence to explain any such lack of knowledge. *See contra Pautenis*, 118 A.3d at 396-97. Moreover, the Longstreets executed three Loan Modification Agreements, and in each agreement, the Longstreets acknowledged the unpaid principal balance, and agreed to a modified unpaid principal balance and a fixed interest rate.

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. Additionally, "[s]ummary judgment may be entered prior to the completion of discovery in matters where additional discovery would not aid in the establishment of any material fact. Thus, the question is whether additional discovery would have aided in the establishment of any material fact." *Manzetti v. Mercy Hosp. of Pittsburgh*, 776 A.2d 938, 950-51 (Pa. 2001) (internal citation omitted).

The trial court addressed the Longstreets' second claim as follows:

> In this case, the parties were afforded extensive time to partake in discovery prior to the entry of summary judgment. The Complaint was filed on August 12, 2013, and judgment was opened by this [c]ourt on August 29, 2014. This [c]ourt did not enter summary judgment in favor of [U.S. Bank] until March [29], 2016, which is over twenty (20) months from when judgment was opened. Additionally, the last activity on the docket[,] prior to [U.S. Bank's] October 2015 filing of its Motion for Summary Judgment[,] was [U.S. Bank's] December 2014 Amended Reply to [the Longstreets'] thirty-[eight (38) c]ounts of New Matter. [The Longstreets] themselves did not register any activity on the docket following their October 2, 2014 Answer and New Matter. In consideration of the timeline

- 13 -

provided above, [the Longstreets] clearly received ample time to conduct any desired discovery.

Moreover, extensive discovery was conducted in this case prior to the filing of [U.S. Bank's] Motion. For instance, [the Longstreets] responded to [U.S. Bank's] Requests for Production of Documents and Interrogatories, and [the Longstreets] were additionally able to conduct multiple depositions during this time.

We further observe that additional discovery would not have aided in the establishment of a genuine issue of material fact. Based on the record in this case, [U.S. Bank] had already demonstrated that it was the holder of the Note and Mortgage[,] and provided documentation supporting its allegations that [the Longstreets] were in default of their obligations under that Mortgage. Coupled with [the Longstreets'] admissions, there was no genuine issue of material fact that could have been established through additional discovery.

Trial Court Opinion, 6/28/16, at 11-12.

Upon review, having already determined that the trial court properly concluded that U.S. Bank is the holder of the Note, we agree with the trial court's conclusions. *See id.* We further observe that the Longstreets have not explained how any additional discovery would aid them in establishing a genuine issue of material fact. *See Reeves v. Middletown Athletic Ass'n*, 866 A.3d 1115, 1124 (Pa. Super. 2004) (stating that "[w]here ample time for discovery has passed, the party seeking discovery (and opposing summary judgment) is under an obligation to show that the information sought was material to their case…."). Accordingly, the trial court did not err or abuse its discretion in granting U.S. Bank's Motion for Summary Judgment.

Order affirmed.

- 14 -

J-S23033-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2017