386 A.2d 1

**Guy CERCONE and Pearl Cercone, his wife, Appellees,**

**v.**

**Gilbert P. CERCONE and Francine M. Sawyer.**

**Appeal of Francine M. SAWYER.**

Superior Court of Pennsylvania.

Argued Nov. 23, 1977.

Decided April 13, 1978.

Alfred C. Maiello, Pittsburgh, for appellant.

John A. Caputo, Pittsburgh, with him Nicholas R. Stone, Pittsburgh, for appellees.

Before WATKINS, President Judge and JACOBS, HOFFMAN, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court improperly granted summary judgment. Because we agree with this contention, we reverse the order of the lower court.

On July 14, 1975, appellees, Guy Cercone and his wife Pearl, filed a complaint in assumpsit against their son, Gilbert P. Cercone, and his ex-wife, appellant Francine M. Sawyer. In paragraph five of the complaint, appellees alleged that they entered into an oral contract with appellant and their son [hereinafter referred to jointly as defendants] in 1972 while defendants were still married; the contract contemplated a loan which defendants would use in order to pay the construction costs of their new house. In paragraph six of the complaint, appellees alleged that on August 1, 1972, they "loaned Defendants the sum of $18,-482.91, which sum the Defendants jointly received in their possession and promised to repay Plaintiffs on demand." Paragraphs seven and eight of the complaint alleged that on June 14, 1972, and July 10, 1972, appellees paid a sum of money totalling $4,200, to third parties at the request of the defendants and in reliance on defendant's promise to repay appellees on demand. In paragraph ten of the complaint, appellees alleged that despite their repeated demands for payment, the defendants refused to make payment.

On August 26, 1975, appellant filed preliminary objections to appellees' complaint. Appellant asserted that paragraph five of the complaint alleged a gift transaction rather than a loan transaction, and, thus, could not support a cause of action in assumpsit. Appellant also asked for disclosure of the identity of the third parties to whom appellees allegedly paid money.

On September 2, 1975, appellees filed an amended complaint, identical in almost all respects, including the numbering of paragraphs, to the original complaint. However, paragraph five of the amended complaint no longer specified the purpose of the loan, and paragraphs seven and eight disclosed the identity of the contractor and woodworking company to whom appellees allegedly paid money at defendants' behest.

On September 21, 1975, appellees' son filed an answer to his parents' complaint. He admitted all allegations. As a result, the lower court, pursuant to Pa.R.Civ.P. 1037; 42 Pa.C.S. 1037, entered judgment upon admission against Gilbert P. Cercone in the amount of $22,682.91 plus interest.

On September 19, 1975, appellant filed an answer. In paragraphs five through nine of the answer, appellant averred that "she has no knowledge of the truth of the facts averred [in the corresponding paragraph of the amended complaint] and after reasonable investigation has been unable to ascertain their truth or falsity. Therefore, defendant denies these averments and demands proof thereof at the trial of this cause." In paragraph ten of the answer, appellant admitted that she had received one letter from appellees' attorney which demanded payment on the alleged loan. However, in this paragraph, appellant alleged that she responded to this demand by sending appellees a letter which stated that appellant had no knowledge of any such loan being made to her ex-husband and herself. Appellant attached copies of both letters to her answer as exhibits. Finally, in further answer to appellees' complaint, appellant averred in new matter that on February 6, 1974, appellees conveyed a lot upon which a house had been erected to appellant and her then husband as tenants by the entireties for a sum of $1.00. According to appellant, this transfer constituted an executed gift.

On October 7, 1975, appellees filed a reply to appellant's new matter. This reply admitted that appellees had sold the lot upon which a house had been constructed to defendants for a sum of $1.00. However, appellees denied that this transaction signified an executed gift. Instead, appellees reiterated that they loaned defendants the money to build their house, and defendants had not repaid the money.

On December 10, 1976, appellees filed a pre-trial statement pursuant to Pa.R.Civ.P. 212; 42 Pa.C.S. 212. This statement again alleged that appellees loaned appellant the sum of $22,682.91 in order to enable defendants to build a home; appellant failed to repay this sum. The pre-trial

statement also listed appellees' potential witnesses. On January 3, 1977, appellant filed a similar pre-trial statement. She again denied any knowledge of a loan transaction and, to the contrary, insisted that appellees made a complete gift of all money involved in the construction of the house.

On January 14, 1977, appellees filed a motion for summary judgment against appellant pursuant to Pa.R.Civ.P. 1035; 42 Pa.C.S. 1035. According to appellees, appellant admitted all allegations contained in the amended complaint because she failed to deny specifically the averments of paragraphs five through nine that appellees loaned her money which she received and promised to repay. Appellant did not file an answer to this motion, but did file a brief in which she argued that she never participated in any loan transactions and that any transfer of money between appellees and the defendants constituted a gift. Neither appellees nor appellant filed any depositions on the record [1] or affidavits supporting or opposing the motion for summary judgment. On February 22, 1977, the lower court, after oral argument, entered summary judgment against appellant. In an opinion filed on March 25, 1977, the lower court reasoned that appellant's failure to deny specifically the allegations of paragraphs five through nine of the amended complaint constituted an admission of all material facts necessary to establish appellees' cause of action in assumpsit. See Pa.R. Civ.P. 1029; 42 Pa.C.S. 1029. This appeal followed.

Appellant contends that the lower court erred in granting summary judgment. Rule 1035 authorizes the entry of summary judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." The

---

1. Appellant alleges that both she and appellee Pearl Cercone gave depositions on February 16, 1976. These depositions allegedly demonstrated that appellees and appellant never consulted about interfamily financial transactions. However, appellant's attorney inexplicably failed to enter these depositions into the record. Therefore, we cannot consider these alleged depositions in any way.

moving party bears the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Furthermore, we must view the record in the light most favorable to the non-moving party. *Amabile v. Auto Kleen Car Wash*, 249 Pa.Super. 240, 376 A.2d 247 (1977); *Bowman v. Sears RoeBuck Co.*, 245 Pa.Super. 530, 369 A.2d 754 (1976); *Husak v. Berkel*, 234 Pa.Super. 452, 341 A.2d 174 (1975). Finally, "[a] summary judgment is to be entered only in the clearest of cases where there is not the slightest doubt as to the absence of a triable issue of fact." *Granthum v. Textile Machine Works*, 230 Pa.Super. 199, 202, 326 A.2d 449, 451 (1974). *See also Prince v. Pavoni*, 225 Pa.Super. 286, 302 A.2d 452 (1973).

In the instant case, we must review the pleadings[2] in order to determine whether a material issue of triable fact still exists. In reviewing the pleadings, our first task consists of determining whether Rule 1029 required appellant to deny specifically the allegations contained in paragraph five through nine of the amended complaint. Rule 1029 provides as follows:

"(a) A responsive pleading shall admit or deny the averments of fact in the preceding pleading or part thereof to which it is responsive. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

"(b) *Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission.*

**2.** Rule 1035 instructs a court considering a motion for summary judgment to inspect the "pleadings, depositions, answers to interrogatories, and admissions on file, together with [supporting or opposing] affidavits, . . ." In the case at bar, the parties have presented no depositions on the record, see footnote 1, supra, no relevant answers to interrogatories, no admissions on file, and no supporting or opposing affidavits. Neither appellant nor appellees argue that we should consider the pre-trial statements, perhaps because these statements merely recapitulate the essence of the pleadings. Therefore, we limit our consideration, as did the lower court, to the pleadings.

"(c) *An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person. The pleader shall not be required to state what investigation he has made or to rely upon information received from an adverse party or hostile person.*

"(d) Averments in a pleading to which no responsive pleading is required shall be deemed to be denied." (Emphasis supplied). In short, under Rule 1029(b), a party filing an answer must specifically, or by necessary implication, deny all factual averments in the complaint unless the party is able to invoke an exception pursuant to Rule 1029(c). *Stimely v. Dutchmen Mobile Homes*, 240 Pa.Super. 626, 361 A.2d 733 (1976); *Kappe Associates Inc. v. Aetna Cas. & Sur. Co.*, 234 Pa.Super. 627, 341 A.2d 516 (1975). If Rule 1029(c) is not properly invoked and if the responder fails to make a specific denial of a factual averment, then the responder will be deemed to have admitted that factual averment.

In the instant case, appellant attempted to comply with the exception provided by Rule 1029(c)(1). In paragraphs five through nine of her answer, appellant alleged that she had no knowledge of the truth of appellees' assertions and that after reasonable investigation she could not determine their truth or falsity. However, a review of pertinent case law supports the lower court's conclusion that appellant could not properly rely upon Rule 1029(c)(1) as an alternative to a specific denial.

In *Medusa Portland Cement Co. v. Marion Coal & Supply Co.*, 204 Pa.Super. 2, 201 A.2d 285 (1974), plaintiff corporation appealed from the denial of its motion for judgment on the pleadings in an action on a book account for goods sold and delivered to the defendant corporation at its request. In response to allegations that defendant corporation requested, received, and accepted these goods, the defendant

corporation, in an answer signed by its president, stated that it was without sufficient knowledge after reasonable investigation to form an opinion as to the truth or falsity of the averments. In new matter, the president of the corporation alleged that he had no knowledge of any request nor did the records evidence such a request. Our Court concluded that the answer of defendant corporation contravened the pleading requirements of Rule 1029. First, we noted that the Rule 1029(c)(1) exception was inapplicable: ". . . [a]n answer merely averring lack of knowledge is also ineffective when it affirmatively appears that the defendant had sufficient knowledge on which to base an admission or specific denial." Supra, 204 Pa.Super. at 8, 201 A.2d at 286. In *Medusa*, defendant corporation clearly had sufficient knowledge to admit or deny that it had requested, received, and accepted the goods allegedly sent by plaintiff. Second, defendant corporation failed to deny specifically plaintiff's factual allegations. See Rule 1029(b). In particular, the new matter to which the defendant corporation's president attested only denied a request, but did not specifically deny delivery or acceptance. Accordingly, we vacated the order of the lower court denying judgment on the pleadings. However, because ". . . the power of entering summary judgment should be cautiously exercised", supra, 204 Pa.Super. at 9, 201 A.2d at 287, we refused to assume that defendant corporation could not plead a good defense. Therefore, we remanded to allow the defendant an opportunity to file an amended answer.

In *Frazier v. Ruskin*, 203 Pa.Super. 525, 199 A.2d 513 (1964), plaintiff filed an action in assumpsit to recover payments under a lease sale agreement. In the complaint, plaintiff alleged that he paid defendants a monthly payment under the agreement. The defendants answered that after a reasonable investigation, they were without sufficient information to form a belief as to the truth of the averments. Our Court held that this answer did not comport with Rule 1029(c)(1). We stated: "This denial is patently insufficient since it is clear that the defendants must know

whether or not they received the payment. They cannot be heard to say that they are without knowledge or information sufficient to form a belief as to the truth of such averments." 203 Pa.Super. at 534, 199 A.2d at 518. Because defendants' answer did not specifically deny plaintiff's factual allegations of payment and because defendants' reliance on Rule 1029(c) did not excuse this failure to make a specific denial, we held that defendants had indeed admitted that they received payment.

*Medusa* and *Frazier* make clear that a defendant may not rely upon Rule 1029(c)(1) to excuse a failure to make a specific denial of factual allegations contained in a complaint when it is clear that the defendant must know whether a particular allegation is true or false. *See also Commonwealth v. Binenstock*, 358 Pa. 644, 57 A.2d 884 (1944); [3] *City of Philadelphia v. Kenny*, 28 Pa.Cmwlth. 531, 369 A.2d 1343 (1977); [4] Goodrich-Amram 2d, *Procedural Rules Service with Forms*, § 1029(c): 1 at p. 280 (1976). In the instant case, the lower court properly concluded that appellant could not invoke Rule 1029(c)(1) in response to the factual allegations contained in paragraphs five through nine of the amended complaint because appellant clearly had sufficient personal knowledge to admit or deny that she individually received funds from appellees which she promised to repay. *See Medusa Portland Cement Co. v. Marion Coal & Supply Co.*, supra; *Frazier v. Ruskin*, supra. Because appellant could not properly rely upon the exception provided by Rule 1029(c)(1), Rule 1029(b) imposed an obligation upon appellant to deny specifically the factual allegations of appellees' amended complaint.

3. In *Binenstock*, a defendant denied that he received and retained money as an agent or trustee for named parties. However, he failed to deny specifically that he received and retained money in his individual capacity. Therefore, the Supreme Court found that he had admitted that he personally received and retained money.

4. In *Kenny*, the Commonwealth Court held that defendants in a tax collection case could not claim the shelter of Rule 1029(c)(1) in response to an allegation in the complaint that they failed to file tax returns or pay taxes. These facts were peculiarly within defendants' personal knowledge and required a specific denial or admission.

We must now determine whether appellant complied with the requirement of Rule 1029(b), upon penalty of admission, that she specifically deny the factual averments contained in paragraphs five through nine of the amended complaint. The lower court correctly concluded that paragraphs five through nine of the answer did not specifically deny the factual allegations of their counterpart paragraphs in the amended complaint. In these paragraphs, appellant merely asserted that she did not know and could not ascertain whether the facts averred by appellees were true or false. If we constricted our examination to these paragraphs of the answer only, we would be compelled to conclude that appellant did admit that she borrowed money from appellees in return for an agreement to repay the loan upon demand. However, we believe that we may properly look to appellant's answer as a whole in order to determine whether she admitted all material factual allegations.

In *Kappe Associates, Inc. v. Aetna Cas. & Sur. Co.*, supra, a corporation, engaged in the business of designing, manufacturing, and selling machinery, filed a complaint in assumpsit against defendant surety company which had executed a bond with a construction contractor for the protection of all persons supplying materials for a particular project. In paragraph nine of the complaint, plaintiff alleged that the contractor failed to pay plaintiff $55,764.48 for materials supplied by the plaintiff; plaintiff also alleged that "said sums remain justly due and owing Plaintiff." In paragraph nine of its answer, defendant denied that the contractor owed $55,764.98 to plaintiff and asserted that the claimed amount should be reduced by $11,602.32 because of offsetting payments and expenses. Also, in paragraph nine, defendant counterclaimed for $25,000. Based on paragraph nine of the answer, plaintiff moved for partial judgment on the pleadings in the amount of $19,167.16; the lower court granted this motion. On appeal, our Court reversed. First, plaintiff's allegation that the sum of $55,764.48 was "justly due and owing Plaintiff" was merely a legal conclusion

rather than a factual averment; therefore, defendant did not have an obligation to deny specifically this statement. *See* Rule 1029(a) and (b). Second, while an isolated reading of paragraph nine of defendant's answer might support a holding that defendant admitted a portion of the claim, the pleading as a whole belied this conclusion. For example, in paragraph ten of the answer defendant specifically denied that plaintiff had complied with all contractual preconditions to the initiation of legal action. Thus, we observed that literal insistence upon paragraph nine of the answer would incongruously result in an admission that plaintiff could recover one-third the amount claimed when in fact defendant denied that plaintiff's right to sue had matured. We emphasized that: ". . . [T]he rights of the litigants should not be made to depend upon the skill of the pleaders but rather on the justice of their claims," supra, 234 Pa.Super. at 633, 341 A.2d at 519.

 *Kappe Associates, Inc. v. Aetna Cas. & Sur.,* supra, establishes that we should examine the pleadings as a whole in determining whether a defendant has admitted the material factual allegations of a complaint. *See also Medusa Portland Cement Co. v. Marion Coal & Supply Co.,* supra. Moreover, Pa.R.Civ.P. 126; 42 Pa.C.S. 126, instructs us that: "[t]he rules [of civil procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." In the instant case, therefore, we should examine appellant's entire pleading to see if she specifically denied appellees' factual assertions at any time. In performing this task, we find that paragraph ten of appellant's answer incorporates a specific denial that appellant had any knowledge of a loan transaction. By necessary implication, this paragraph denies that appellant personally received any money designat-

ed as a loan or agreed to repay any money. Moreover, the allegations in appellant's new matter demonstrate that appellant viewed all financial transactions as the result of a gift rather than a loan.[5] Finally, paragraphs five through nine of appellant's answer, read in conjunction with paragraph ten and the new matter, must be interpreted to mean that appellant did not know and could not ascertain whether her husband, patently an adverse party at the time of litigation, had arranged a loan from appellees on behalf of the marital partnership. In sum, appellant specifically denied all personal knowledge of a loan between appellees and herself. While she could not specifically deny or admit that her husband arranged such a transaction on their joint behalf,[6] she believed that any monetary interchanges between appellees and her husband stemmed from parental largesse and did not require repayment. Given this reasonable reading of appellant's answer in its entirety, we hold that appellant specifically denied appellees' factual averments of her personal acceptance of the loan and that a material issue still needs a factfinder's resolution: did appellees give or loan money to appellant and their son? Therefore, the lower court improperly granted summary judgment. We vacate the order of the lower court and remand for proceedings consistent with this opinion.

Order reversed and case remanded for proceedings consistent with this opinion.

---

5. Admittedly, paragraph ten of the answer and the new matter do not refer specifically to paragraphs five through nine of the amended complaint as Rule 1029(a) ostensibly mandates. Nevertheless, to insist upon such technical adherence to the rules would violate the flexible spirit of Rule 126 which allows a court to disregard errors or procedural defects which do not substantially detract from the rights of an opposing party. Indeed, in *Kappe Associates, Inc.*, supra, we looked to the entire complaint, including paragraphs which did not specifically refer to paragraph nine of the original complaint.

6. Appellees' amended complaint did not specifically place in issue the question of Gilbert P. Cercone's possible status as agent for his then spouse, appellant. Therefore, it is not surprising that appellant's answer does not specifically deny that her ex-husband possessed an agent's authority to arrange a loan on her behalf.

WATKINS, former President Judge, and CERCONE, J., did not participate in the consideration or decision of this case.

PRICE, J., dissents.