**Safeguard v. Standard Machine
and Equipment Co. Inc.**

C.P. of Fayette County, no. 853 of 1996, G.D.

*Vincent J. Roskovensky Jr., James R. Apple* and *James S. Alter,* for plaintiff.
*Nancy Duffield Vernon,* for defendant.

SOLOMON, *J.,* October 29, 1996—Before the court is the motion of the plaintiff, Safeguard, for judgment on the pleadings made pursuant to Rule 1034 of the Pennsylvania Rules of Civil Procedure, contending that the defendant, Standard Machine and Equipment Co. Inc., a/t/a SME, failed to file a responsive pleading to a material averment in the plaintiff's complaint as required by Rule 1029(b).

## STATEMENT OF THE CASE

The plaintiff's complaint contained 14 paragraphs. The first two identified the parties and were admitted in the defendant's answer. In short, the remaining paragraphs averred that: the defendant requested the goods and services which are the subject of the complaint;

the defendant agreed to pay the prices charged; there is a balance due the plaintiff in the amount of $5,163.43; and that the plaintiff has made repeated demands for payment which the defendant refuses.

The defendant's answer admitted the identity of the parties, but purported to deny the remaining averments by using the identical language in paragraphs three through 14, inclusive, as follows: "The averment contained in paragraph . . . is specifically denied. After reasonable investigation, the defendant is without sufficient knowledge or information to form a belief as to the truth of the averment. Proof is demanded."

## DISCUSSION

Pa.R.C.P. 1029(b) provides that "[A] general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission." The pertinent exception in paragraph (c) of Rule 1029 sets forth that "[A]n averment shall be deemed to be denied if proof thereof is demanded and the pleader states . . . (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person."

This exception affords relief to a pleader who is unable to obtain the information needed in order to plead because such information is in the control of the adverse party. However, "where it is obvious that the means of information are not within the exclusive control of the adverse party the court ought to ignore such an averment": *Elia v. Olszewski,* 368 Pa. 578, 580 n.1, 84 A.2d 188, 190 n.1 (1951); *Delaware Valley Carpeting v. Leicht,* 73 D.&C.2d 51 (1975).

In the instant case, the defendant certainly must know whether it requested the plaintiff's goods and services, whether it agreed to a price, and whether it received the goods. Since this knowledge or information is not within the exclusive control of the plaintiff, the de-

4

fendant may not rely upon Rule 1029(c)(1) to excuse a failure to make a specific denial of the factual allegations contained in the complaint of the plaintiff. *Cercone v. Cercone,* 254 Pa. Super. 381, 386 A.2d 1 (1978). If the defendant could not properly rely upon the exception provided by Rule 1029(c)(1), Rule 1029(b) imposed upon it an obligation to deny specifically the factual allegations of the complaint. *Id.* Having failed to deny specifically the factual allegations of the complaint, with the exception of admitting the identity of the parties, the answer of the defendant effectively manifests the defendant's admission to the facts averred in the complaint. *Swift v. Milner,* 371 Pa. Super. 302, 538 A.2d 28 (1988). Hence, judgment on the pleadings must be entered in favor of the plaintiff.

Wherefore, we will enter the following order.

### ORDER

And now, October 29, 1996, it is hereby ordered and directed that the motion of the plaintiff for judgment on the pleadings is granted.