J-A01020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TIFFANY KING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN F. ALTMAN, ESQUIRE | : | No. 491 EDA 2020 |
| AND THE ALTMAN LAW FIRM, LLC | : | |

Appeal from the Order Entered January 9, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 181203109

BEFORE:   BENDER, P.J.E., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OLSON, J.:                 **FILED:  MAY 28, 2021**

Appellant, Tiffany King, appeals from the order entered on January 9, 2020 in the Civil Division of the Court of Common Pleas of Philadelphia County that granted a motion for judgment on the pleadings filed on behalf of Appellees, Jonathan F. Alman, Esq. and the Altman Law Firm, LLC and dismissed her claims with prejudice.  After careful review, we affirm.

The trial court summarized the relevant procedural facts as follows.

[Appellant commenced] this action on December 27, 2018[] by filing a complaint against [Appellees].  Following a series of preliminary objections and revisions of the complaint, Appellant filed a second amended complaint against Appellees on April 22, 2019.  Appellees filed preliminary objections to [Appellant's] second amended complaint.  On July 30, 2019, [the trial court] overruled Appellees' preliminary objections and ordered them to file an answer to Appellant's second amended complaint.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellees filed an answer to Appellant's second amended complaint, with new matter, on August 23, 2019. On September 11, 2019, Appellant filed a reply to Appellees' new matter. [Appellant stated the following in paragraph 203 of her answer to Appellees' new matter:

203. Denied. Answering plaintiff hereby incorporates by reference all of the (factual) allegations of her second amended complaint, set forth in paragraphs 1 through and including 202, as though the same were more fully set forth herein at length.

Appellant's Reply to Appellees' New Matter, 9/11/19.

Thereafter, Appellant's reply purported to answer paragraphs 204-271 of Appellees' new matter using the exact same language in each response and changing only the paragraph number for each of the 67 paragraphs. Appellant's reply stated as follows:]

204-271. Denied. The allegations contained in paragraphs 204-271 of Appellees' new matter constitute conclusions and conclusions of law, to which no responsive pleading is required, pursuant to the Pennsylvania Rules of Civil Procedure. Strict proof thereof is demanded at the time of trial, if relevant.

Appellant's Reply to Appellees' New Matter, 9/11/19.

On December 16, 2019, Appellees filed a motion for judgment on the pleadings. [The trial court] granted Appellees' motion and dismissed Appellant's claims with prejudice by order [entered January 9, 2020]. On January 16, 2020, Appellant filed a motion for reconsideration[.] On January 17, 2020, [the trial court] issued an order denying Appellant's motion for reconsideration and stating that Appellant failed to file a proper reply to Appellees' [motion for judgment on the pleadings].

On January 30, 2020, Appellant filed a notice of appeal [from the order entered on January 9, 2020]. On February 4, 2020, [the trial court] ordered Appellant to file a concise statement of [errors] complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a timely [concise statement] on February 24, 2020. [The trial court issued its Rule 1925(a) opinion on August 6, 2020].

Trial Court Opinion, 8/6/20, at 1-2 (certain capitalization omitted).

Appellant raises the following claims in her brief:

Whether the trial [court] erred and abused [its] discretion in determining that [Appellant] did not respond to nor answer all of the factual averments of [Appellees'] new matter pursuant to Pa.R.C.P. 1029(a) and (b)[?]

Whether the trial [court] erred and abused [its] discretion in determining that [Appellant] did not provide specific denials to disputed factual allegations in [Appellees'] new matter, when in fact [Appellant] did so in paragraph 203 of her answer to [Appellees'] new matter, in conformance with Pa.R.C.P. 1019(g)[?]

Whether the trial [court] erred and abused [its] discretion in failing to consider that [Appellant], in paragraph 203 of her answer to Appellees' new matter provided specific denials to disputed factual allegations in [Appellees'] new matter by specifically incorporating by reference all of the factual allegations set forth in paragraphs 1 through and including 202 of [Appellant's] second amended complaint as though the same were more fully set forth in [Appellant's] answer to [Appellees'] new matter pursuant to Pa.C.P. 1019(g)[?]

Whether the trial [court] erred and abused [its] discretion by violating Pa.R.C.P. 126 in granting [Appellees'] motion for judgment on the pleadings pursuant to Pa.R.C.P. 1034 merely because [Appellant] voluntarily chose not to respond to the motion [rather than] the trial [court] deciding [the] motion on the merits[?]

Whether the trial [court] erred and abused [its] discretion, pursuant to Pa.R.C.P. 126, in failing to consider the prejudice to [Appellant] in granting [Appellees'] motion for judgment on the pleadings, pursuant to Pa.R.C.P. 1034, as [Appellant's] second amended complaint was dismissed with prejudice[?]

Whether the trial [court] erred and abused [its] discretion in granting [Appellees'] motion for judgment on the pleadings, pursuant to [the order entered on January 9, 2020?]

J-A01020-21

Appellant's Brief at 7-9 (some capitalization omitted).[1]

The standard we apply when reviewing an order granting a motion for judgment on the pleadings is as follows:

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm [an order granting judgment on the pleadings] only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Kote v. Bank of New York f/k/a The Bank of New York*, 169 A.3d 1103, 1107 (Pa. Super. 2017), *appeal denied*, 182 A.3d 434 (Pa. 2018).

To recount the relevant background, in response to Appellant's second amended complaint, Appellees filed an answer and new matter on August 28, 2019. On September 11, 2019, Appellant filed her reply to Appellees' answer

_____

[1] We have re-ordered the sequence of Appellant's claims to facilitate our review.

- 4 -

and new matter. Paragraph 203 of Appellant's reply incorporated by reference all factual allegations set forth in paragraphs one through 202 of Appellant's second amended complaint. In addition, Appellant's reply answered paragraphs 204 through 271 of Appellees' new matter by averring, with the exact same text repeated 67 times, that each corresponding numbered paragraph in Appellees' new matter "constitute[d] conclusions and conclusions of law to which no responsive pleading [was] required pursuant to the Pennsylvania Rules of Civil Procedure. Strict proof is demanded at the time of trial, if relevant." Appellant's Brief at 14.

Appellees moved for judgment on the pleadings on December 16, 2019 and Appellant did not respond. The trial court determined that the factual averments and defenses asserted in Appellees' new matter called for specific denials under Pa.R.C.P. 1029. The court also determined that Appellant's reply only denied Appellees' allegations generally and that her general denials should be deemed admissions in the absence of a specific responsive pleading. As such, the trial court granted Appellees' motion for judgment on the pleadings and, subsequently, denied Appellant's motion for reconsideration.

Because Appellant's first three claims are closely related, we shall address them in the same discussion. On appeal, Appellant argues that the trial court erred and abused its discretion in granting Appellees' motion for judgment on the pleadings. Specifically, Appellant contends the trial court wrongly determined that she failed to respond to the factual averments

leveled in Appellees' answer and new matter in accordance with Rule 1029.

Appellant claims the trial court should have "considered and weighed" all

factual allegations set forth at paragraphs one through 202 of her second

amended complaint, which Appellant incorporated by reference into her reply

to Appellees' answer and new matter. *See* Appellant's Brief at 20. Appellant

maintains that her incorporation of the factual allegations of her second

complaint "constituted a proper, specific and valid responsive denial with

sufficient specificity commensurate with the dictates and requirements of

Pa.R.C.P. 1029(a) and (b)." *Id.* at 21. We disagree.

Rule 1029 of our Rules of Civil Procedure address denials and the effect

of a denial in a responsive pleading. It provides:

> (a) A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive. A party denying only a part of an averment shall specify so much of it as is admitted and shall deny the remainder. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.
>
> (b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.
>
> (c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.
>
> > Note: Reliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or

false. [**See Cercone v. Cercone**, 386 A.2d 1 (Pa. Super. 1978)].

(d) Averments in a pleading to which no responsive pleading is required shall be deemed to be denied.

(e) In an action seeking monetary relief for bodily injury, death or property damage, averments in a pleading to which a responsive pleading is required may be denied generally except the following averments of fact which must be denied specifically:

    (1) averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person and the ownership, possession or control of the property or instrumentality involved;

    (2) if a pleading seeks additional relief, averments in support of such other relief; and

    (3) averments in preliminary objections.

Pa.R.C.P. 1029.

Here, the trial court concluded that Appellees' answer and new matter set forth factual averments and detailed defenses that called for specific denials under Pa.R.C.P. 1029(e). The court explained:

[Appellees' answer and new matter set forth factual averments and specific defenses that pertained to the agency or employment of a person and the ownership, possession or control of the property or instrumentality involved in the underlying action. As such, the allegations called for a specific responsive pleading under Rule 1029]. Appellant, however, only denied these allegations generally and labeled the averments "conclusions and conclusions of law to which no responsive pleading was required." [Appellant's Reply to Answer and New Matter, 9/11/19, at para. 2014-270. Rule 1029(c) does] not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true[. **See** Pa.R.C.P. 1029; **Cercone v. Cercone**, 386 A.2d 1 (Pa. Super. 1978)]. Such responses by Appellant were not sufficient, and at best only constituted a general denial of Appellees' averments. These

- 7 -

improper denials were deemed admitted because a specific responsive pleading was required. [*See* Pa.R.C.P. 1029(b).] As such, th[e trial c]ourt found it appropriate to grant Appellees' motion for judgment on the pleadings. Accordingly, Appellant's claim should be dismissed.

Trial Court Opinion, 8/6/20, at 7-8.

The trial court not only determined that Appellees' answer and new matter warranted specific denials under Pa.R.C.P. 1029, it also concluded that Appellant's response to Appellee's answer and new matter was insufficient, notwithstanding her effort to incorporate portions of her second amended complaint by reference. Here, the court observed:

On appeal, Appellant claims that th[e trial c]ourt erred because Appellant provided specific denials to disputed factual allegations [in her reply to Appellees' answer and new matter] in conformance with Pa.R.C.P. 1019(g). Appellant also claims she incorporated by reference all factual allegations set forth in paragraphs [one] through and including 202 of Appellant's second amended complaint pursuant to Pa.R.C.P. 1019(g). Appellant's claim must fail. [] Appellant did not properly respond to Appellees' [answer] and new matter, and while she may have incorporated portions of her second amended complaint by reference, her [r]eply to Appellees' [answer] and new matter did not contain sufficient denials of disputed factual allegations or Appellees' claimed defenses. Accordingly, Appellant's claims should be dismissed.

Under Pennsylvania Rule of Civil Procedure 1019(g):

(g) Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action. A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county.

Pa.R.C.P. 1019(g).

- 8 -

Here, while it is true Appellant successfully complied with Pa.R.C.P. 1019(g), and successfully incorporated by reference specific portions of her complaint, Appellant still failed to specifically deny or otherwise sufficiently respond to the averments raised in Appellees' new matter. [G]iven the nature of the averments raised in Appellees' new matter and defenses therein specific denials or admissions were required by Pa.R.C.P. 1029(a), (b), and (e). These denials could not be found in Appellant's [r]eply to Appellees' [answer] and new matter or in [Appellant's] second amended complaint. As such, consistent with Pa.R.C.P. 1029 and other applicable court rules, [the trial c]ourt found it appropriate to grant Appellees' motion for judgment on the pleadings. Accordingly, Appellant's claim should be dismissed.

Trial Court Opinion, 8/6/20, at 8-9 (certain footnotes omitted).

Based upon our own review of the pleadings submitted by the parties, we concur with the trial court's assessment. Appellees' answer and new matter alleged facts and raised defenses that called for specific denials. Rather than come forward with a detailed response which met and countered Appellees' averments, Appellant incorporated voluminous portions of her second amended complaint. Although Appellant is correct that the rules permit incorporation of pleadings by reference, they do not permit a party to shift her burden of proffering specific denials onto the trial court and claim that the court had an obligation to sift through voluminous prior pleadings to determine whether, in the court's view, specific averments raised by way of new matter were met with specific denials set forth in previous filings. Instead, the rules contemplate that a pleading party is entitled to notice of what facts, in his opponent's view, counter the averments set forth in new

matter. For these reasons, we conclude that Appellant's first three claims lack merit.

In her fourth claim, Appellant argues the trial court erred and abused its discretion by granting Appellees' motion for judgment on the pleadings because Appellant chose not to respond to the motion and not because the court considered the motion on its merits. This claim fails.

The trial court offered the following explanation in response to Appellant's claim, which we agree with in its entirety.

> Here, [the court] reviewed [all of] Appellant's [responsive pleadings in their entirety], including both Appellant's [successful incorporation of her] second amended complaint [into her reply to new matter], despite Appellant['s failure to] file an answer to Appellees' motion for judgment on the pleadings, as required by [the local rules]. After comprehensive review of all relevant pleadings and also the factual record in this case, [the trial c]ourt was unable to find sufficient information such that it could coherently ascertain the basis or grounds for Appellant's general denials contained in her reply to new matter. As noted previously, Appellees raised complete defenses and specific factual averments in their new matter and motion for judgment on the pleadings. Appellant is trying to use this appeal to get a second bite at the apple, after failing to sufficiently reply to Appellees' new matter, and then failing to file an answer to Appellees' motion for judgment on the pleadings. Appellant had [20] days to respond to Appellees' motion but chose not [to do so]. Now Appellant seeks to use this Appeal to argue what [she failed to raise previously]. After careful consideration of Appellees' contentions, the factual record, as well as the relevant pleadings, [the trial c]ourt granted Appellees' motion for judgment on the pleadings. [The trial c]ourt did so after reviewing the entire record[, including the pleadings,] on the merits, not simply to penalize Appellant for failing to respond to Appellees' motion for judgment. Accordingly, Appellant's claim should be dismissed.

Trial Court Opinion, 8/6/20, at 10-11.

Our own review of the certified record, including the pleadings introduced by the parties, leads us to conclude that the trial court did not grant Appellees' motion for judgment on the pleadings simply to penalize Appellant for her failure to respond to Appellant's motion. Because the trial court neither erred nor abused its discretion, we conclude that Appellant's claim merits no relief.

In her fifth claim, Appellant asserts that the trial court abused its discretion in granting Appellees' motion for judgment on the pleadings because the court failed to consider potential prejudice to Appellant. This claim also merits no relief. The record reflects that the trial court granted Appellees' motion for judgment on the pleadings only after it conducted a thorough review of the factual record and the relevant pleadings in this matter. Because the entry of judgment on the pleadings was supported by the record and entirely consistent with Pa.R.C.P. 1034, we perceive no error or abuse of discretion that entitles Appellant to relief.

In her sixth and final claim, Appellant alleges generally that the trial court erred and abused its discretion in granting Appellees' motion for judgment on the pleadings. For each of the reasons set forth above, we find no merit in this contention. Accordingly, we hold that Appellant is not entitled to relief.

Judgment affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/21