J-S18035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE ESTATE OF: THOMAS E. STEVENSON, III, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LORETTA MCNAMARA | : : : : : : | |
| | : | No. 1553 MDA 2021 |

Appeal from the Order Entered November 2, 2021
In the Court of Common Pleas of Lancaster County Orphans' Court at
No(s):  2020-01176

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED:  AUGUST 5, 2022**

This appeal involves the administration of the Estate of Thomas E. Stevenson, III (Decedent).  Loretta McNamara (Appellant) appeals from the order entered in the Lancaster County Court of Common Pleas, Orphans' Court Division, granting April C. Kessler's (Administratrix's) oral motion for compulsory nonsuit, and dismissing Appellant's petition to appeal from the decree of the Register of Wills which denied her petition for grant of letters of administration.  Appellant insists she was Decedent's common law spouse, and, thus, is entitled to administer his estate as the "surviving spouse."[1]  On appeal, she contends the orphans' court committed an error of law when it failed to deem Administratrix's general denials, in her response to Appellant's

---

[1] **See** 20 Pa.C.S. § 3155(b)(2).

petition, as admissions, and failed to find Administratrix waived application of the Dead Man's Act.[2]  For the reasons below, we affirm.

On April 6, 2020, Decedent died intestate.  He was survived by one adult daughter, Administratrix.  Appellant claims to be Decedent's common law spouse.[3]  In July of 2020, both Appellant and Administratrix filed petitions for grant of letters of administration.[4]  On November 2, 2020, the Register of Wills of Lancaster County entered a decree, denying Appellant's petition and issuing Letters of Administration to Administratrix.  ***See*** Decree of Register, 11/2/20, at 2 (unpaginated); Orphans' Ct. Op., 1/31/22, at 1.

On April 8, 2021, Appellant filed a timely petition to appeal from the decree.[5]  Appellant averred, *inter alia*:  (1) that she was Decedent's common law spouse; (2) that they "entered into a long term, monogamous

---

[2] ***See*** 42 Pa.C.S. § 5930.

[3] The doctrine of common law marriage was abolished in Pennsylvania effective January of 2005.  ***See*** 23 Pa.C.S. § 1103.  However, Section 1103 of the Marriage Law explicitly provides that "[n]othing . . . shall be deemed or taken to render any common-law marriage otherwise lawful and contracted on or before January 1, 2005, invalid."  ***Id.***  Appellant maintains she entered into a common law marriage with Decedent in the late 1980s.  ***See*** Appellant's Petition Pursuant to 20 Pa.C.S.A. Section 908 Appeal from the Decree of the Register of Wills (Appellant's Petition), 4/8/21, at ¶¶ 8-9, 16-21, 29.

[4] Decedent's death certificate listed his marital status as "Divorced."  ***See*** Certificate of Death, 4/9/20.

[5] "Any party in interest . . . who is . . . aggrieved by a decree of the register, . . . may appeal therefrom to the court **within one year** of the decree[.]"  20 Pa.C.S. § 908(a) (emphasis added).

relationship" before his 1986 divorce from his first wife; (3) that Decedent purchased an engagement ring for her; (4) that sometime between 1986 and 1989, they "engaged in a private ceremony [where they] exchanged words" and took each other as husband and wife; (5) that Appellant was known as Decedent's wife to both the public and his family, including Administratrix; and (6) that they lived together and shared expenses "[t]hroughout the entirety of the marriage[.]"  Appellant's Petition at ¶¶ 6, 8-9, 11-12, 16-17, 19-21.  Administratrix filed an answer with new matter on May 5, 2021. Relevant herein, Administratrix replied with a general denial to six of the factual allegations in Appellant's petition.  **See** Administratrix's Answer to Petition Pursuant to 20 Pa.C.S.A. Section 908 Appeal from the Decree of the Register of Wills & New Matter (Administratrix's Answer), 5/5/21, at ¶¶ 16-18, 20-21, 25 (unpaginated).  A hearing was scheduled for November 2nd.

Prior to the hearing, on October 28, 2021, Administratrix filed a motion *in limine* seeking to preclude:  (1) Appellant's testimony "related to the creation of her status" as Decedent's common law spouse under the Dead Man's Act; and (2) admission of certain undated greeting cards Appellant intended to introduce in support of her claim.[6]  **See** Administratrix's Motion *in Limine* at 2-3.

---

[6] Administratrix argued that because common law marriages were abolished in January of 2005, only those greeting cards exchanged between Appellant and Decedent prior to January of 2005, would be relevant to establish their common law marriage.  Administratrix's Motion *in Limine*, 10/28/21, at 2-3. *(Footnote Continued Next Page)*

At the November 2, 2021, hearing, Appellant's counsel, Eric S. Rothermel, Esquire, called only two witnesses: Appellant and Administratrix, as on cross-examination. The majority of the hearing consisted of the arguments of counsel concerning the following legal issues: (1) whether certain general denials in Administratrix's Answer should be deemed admissions, and therefore, prove the existence of the common law marriage; (2) whether Appellant could testify on any subject without violating the Dead Man's Act; and (3) whether any of Appellant's documentary evidence was relevant and admissible. Pertinently, the trial court ruled: (1) the general denials in Administratrix's Answers would not be deemed admissions; (2) any testimony by Appellant "which tends to establish common law marriage, either ceremonially or by cohabitation and reputation, would be excluded by the Dead Man's [Act;]" and (3) the documents Appellant relied upon to prove the common law marriage were inadmissible, as they either lacked a foundation or were irrelevant to the creation of a common law marriage **prior** to January of 2005. *See* N.T., 11/2/21, at 18-22, 26, 96-103.

At the conclusion of the hearing, Administratrix's counsel moved for a compulsory nonsuit, asserting that Appellant "failed to establish by clear and convincing evidence that [she] and [Decedent] were, in fact, married by either a ceremony or by constant cohabitation and general reputation." N.T.,

---

Thus, because the cards were undated, she asserted they were not relevant and should be excluded. *Id.* at 3.

11/2/21, at 103-04. The court granted the motion and dismissed Appellant's petition. Order, 11/2/21. This timely appeal follows.[7]

Appellant raises two issues for our review:

(1) Did the [orphans'] court commit a reversible error of law in failing to find that the general denials in [Administratrix's] responsive pleading resulted in judicial admissions about the existence of a common law marriage that require the court to find the existence of a common law marriage and sustain her initial appeal from the Decree of the Register of Wills?

(2) Did the Estate waive the protections of the Dead Man's Statute by its conduct prior to and during trial?

Appellant's Brief at 3-4.

Where a party with the burden of proof fails to satisfy that burden, an orphans' court has the same authority as a trial court to grant a nonsuit. *See* 20 Pa.C.S. § 779(a), (c).

> A motion for compulsory non-suit . . . may be entered only in cases where it is clear that the plaintiff has not established a cause of action; in making this determination, the plaintiff must be given the benefit of all reasonable inferences arising from the evidence.

_____

[7] Appellant complied with the orphans' court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In that concise statement, Appellant raised the two issues she presents on appeal, as well as a third claim challenging the orphans' court's exclusion of her trial exhibits. *See* Appellant's Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. No. 1925(b), 12/22/21 at 2. In her appellate brief, however, Appellant confirms that she does not intend to raise the evidentiary challenge on appeal because she has determined the court's ruling "would not constitute reversible error under applicable court precedent." Appellant's Brief at 3 n.2.

> When so viewed, a non-suit is properly entered if the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action[.]

*Gregury v. Greguras*, 196 A.3d 619, 625 (Pa. Super. 2018) (*en banc*) (citation omitted). On appeal, we will reverse the grant of compulsory nonsuit "only if the [orphans'] court abused its discretion or made an error of law." *Kiely on Behalf of Feinstein v. Philadelphia Contributionship Ins. Co.*, 206 A.3d 1140, 1145 (Pa. Super. 2019) (citation omitted).

In the present case, Appellant seeks to be named administratrix of Decedent's estate based upon her purported status as Decedent's common law spouse. "Marriage in Pennsylvania is a civil contract[,]" and common law marriages, while "tolerated," are not "encouraged." *Staudenmayer v. Staudenmayer*, 714 A.2d 1016, 1019 (Pa. 1998). As noted *supra*, the doctrine of common law marriage was abolished by the Pennsylvania Legislature effective January of 2005 — although those common law marriages entered into prior to that date remain valid. *See* 23 Pa.C.S. § 1103. A valid common law marriage "can only be created by an exchange of words in the present tense, spoken with the specific purpose that the legal relationship of husband and wife is created by that." *Staudenmayer*, 714 A.2d at 1020. The Pennsylvania Supreme Court has also recognized a "rebuttable presumption of marriage" when "the party claiming a common law marriage . . . proves: (1) constant cohabitation; and, (2) a reputation of marriage 'which is not partial or divided but is broad and general[.]'" *Id.* at 1020-21 (citations omitted). *See also In re Estate of Corace*, 527 A.2d

1058, 1061 (Pa. Super. 1987) ("An inference of marriage may be drawn from circumstantial evidence of constant cohabitation and a general reputation of marriage."). Where, as here, one of the parties to the purported marriage is dead, "the law imposes a heavy burden" on the surviving spouse who alleges the existence of a common law marriage. *In re Estate of Stauffer*, 476 A.2d 354, 356 (Pa. 1984) (citation omitted). *See also Estate of Gavula*, 417 A.2d 168, 171 (Pa. 1980) ("[W]hen an attempt is made to establish a marriage without the usual formalities, we are called upon to examine the purported marriage contract with great scrutiny.").

The surviving spouse's ability to prove the existence of a common law marriage is further restricted by the Dead Man's Act. *See* 42 Pa.C.S. § 5930. The Act disqualifies "surviving parties who have an interest which is adverse to decedent's estate . . . from testifying as to any transaction or event which occurred before decedent's death." *Hera v. McCormick*, 625 A.2d 682, 688 (Pa. Super. 1993). Indeed,

> [t]he purpose of the Dead Man's Act is to prevent the injustice which might flow from permitting the surviving party to a transaction with a decedent to give testimony thereon favorable to himself and adverse to the decedent, which the latter's representative would be in no position to refute[.]

*Estate of Stauffer*, 476 A.2d at 356 (citation and quotation marks omitted). Thus, the Dead Man's Act precludes an alleged surviving spouse from testifying regarding the creation of a common law marriage. *See id.* at 632. This principle of law is codified at Section 2209 of the Probate, Estates and Fiduciaries Code:

> A person who is or claims to be the surviving spouse shall be a competent witness as to all matters pertinent to his rights under this chapter **other than the creation of his status as the surviving spouse**.

20 Pa.C.S. § 2209 (emphasis added).

Appellant concedes that her own testimony regarding the creation of a common law marriage with Decedent is precluded by the Dead Man's Act. *See* Appellant's Brief at 21; N.T., 11/2/21, at 15. Nevertheless, she insists the orphan's court committed reversible error when it failed to find Administratrix's general denials in her responsive pleading constituted judicial admissions as to the existence of the common law marriage or that Administratrix waived application of the Dead Man's Act. No relief is due.

In her first issue, Appellant insists Administratrix's general denials, in response to six factual averments in her petition, constitute judicial admissions pursuant to Pennsylvania Rules of Orphans' Court Procedure 3.10. *See* Appellant's Brief at 10-11; Pa.R.O.C.P. 3.10(b). These factual averments include: (1) sometime between September of 1986 and December of 1989, Appellant and Decedent engaged in a private ceremony where they "exchanged words" and took each other as husband and wife; (2) throughout their marriage, Appellant was known to Decedent as his wife, and they "treated each other as husband and wife to the public[,] resided together and had joint living expenses and obligations[;]" and (3) "[m]edical records demonstrate that [they] were spouses." Appellant's Petition at ¶¶ 16-18, 20-21, 25. Administratrix simply replied, "Denied," to each of these averments in her answer. *See* Administratrix's Answer at ¶¶ 16-18, 20-21, 25. Because

- 8 -

these factual averments establish a common law marriage by either words of present intent, or constant cohabitation and a reputation of marriage, Appellant argues she has proven that she was the common law spouse of Decedent. *See* Appellant's Brief at 15-17. Therefore, she contends "she should be entitled to entry of judgment as a matter of law as the rightful individual to administer [Decedent's] estate." *Id.* at 20.

> Orphans' Court Rule of Procedure 3.10 provides, in pertinent part:
>
> (b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial . . . shall have the effect of an admission.
>
> (c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.

Pa.R.O.C.P. 3.10(b), (c). Rule 3.10 was "derived from" Pennsylvania Rule of Civil Procedure 1029,[8] which likewise mandates either a specific denial to an averment in a pleading or a statement that the responding party is "without knowledge or information sufficient to form a belief as to the truth of an averment[.]" Pa.R.C.P. 1029(b), (c). Here, Administratix replied with a

---

[8] *See* Pa.R.O.C.P. 3.10, *Note*. The Orphans Court Rule was adopted effective September 1, 2016. Because there are no cases which interpret the Orphans' Court Rule, and Rule 1029 contains identical language, we rely on cases analyzing Pa.R.C.P. 1029 in our discussion.

general denial to the averments in Paragraphs 16, 17, 18, 20, 21, and 25 of Appellant's petition. Thus, Appellant insists that under Rule 3.10(b), the court must construe Administratrix's response to be an admission.

When determining whether a party has "admitted all material factual allegations" by failing to comply with Rule 1029(b), "we may properly look to [the] answer as a whole." *Cercone v. Cercone*, 386 A.2d 1, 5 (Pa. Super. 1978). *See also McDermott v. Commonwealth*, 519 A.2d 1088, 1089 (Pa. Commw. 1987) ("[I]n determining whether a party has admitted the material factual allegations of a complaint, the reviewing court should examine the pleadings as a whole.").[9] This is precisely what the orphans' court did when it refused to deem the Estate's general denials as admissions.

The orphans' court opined:

> It is clear to the . . . court that the Administratrix's Answer to the Petition denies the existence of a common law marriage between [Appellant] and the Decedent. The most clear example of this is the Administratrix's response to [Paragraph] 6, wherein [Appellant] asserts that . . . "[she] was the common law spouse of Decedent." The Administratrix responded that this averment is denied and "[b]y way of further answer, the averments contained in Paragraph 6 are legal conclusions to which no response is required."
>
> The fundamental issue before the [c]ourt during the hearing was whether a common law marriage existed between [Appellant] and the Decedent. This issue was addressed by the pre-trial

---

[9] "We recognize that decisions of the Commonwealth Court . . . are not binding upon this Court, but may serve as persuasive authority." *Dobransky v. EQT Prod. Co.*, 273 A.3d 1133, 1146 n.10 (Apr. 11, 2022) (*en banc*).

> memoranda filed by both parties and formed the basis of the necessity for the hearing.
>
> The [c]ourt found that the Answer to the Petition, when read as a whole, denied [Appellant's] factual averments of a common law marriage between [Appellant] and the Decedent. Therefore, at the time of the hearing the Court appropriately denied [Appellant's] assertion that the Administratrix had already admitted to the existence of a common law marriage in her pleading.

Orphans' Ct. Op. at 6.

We detect no error of law or abuse of discretion in the orphans' court's ruling. Considering Administratrix's answer in *toto*, we conclude her response sufficiently denied Appellant's assertion that she was the common law spouse of Decedent. Although Administratrix offered a general denial to Appellant's averments regarding the purported "private ceremony" conducted sometime between 1986 and 1989,[10] she specifically denied that she considered Appellant and Decedent to be husband and wife and that Decedent resided at the residence he shared with Appellant "solely or on a full-time basis[,]" and averred that she "confirmed" with Decedent's "medical providers" that Appellant and Decedent "had never married." **See** Adminstratrix's Answer at ¶¶ 19, 22-24. While we recognize Administratrix's counsel could have avoided this claim by responding — pursuant to Rule 3.10(c) — that "after reasonable investigation [Administratrix] is without knowledge or information sufficient to form a belief as to the truth"[11] of Appellant's averments, we decline to deem

---

[10] **See** Appellant's Petition at ¶¶ 16-17.

[11] **See** Pa.R.O.C.P. 3.10(c).

- 11 -

her general denials an admission based upon the more specific denials throughout her answer.

The factual averments herein are unlike those in mortgage foreclosure cases where this Court has considered a general denial as to the amount of principal and interest owed on a mortgage to be an admission. **See First Wisconsin Tr. Co. v. Strausser**, 653 A.2d 688, 692 (Pa. Super. 1995). In those types of cases, "apart from [the mortgage holders, the mortgagees] are the only parties who would have sufficient knowledge on which to base a specific denial." **Id.** (citation omitted). **Id.** **See also Scales v. Sheffield Fabricating & Mach. Co.**, 393 A.2d 680, 682-83 (Pa. Super. 1978) (affirming trial court's ruling to deem a denial by corporate president using Pa.R.C.P. 1029(c) language as admission when president was "intimately involved in all stages of the transaction under scrutiny," and could have easily reviewed corporate records to determine whether, as alleged, former employee was paid $5,000 less than he was owed). Here, the Administratrix's general denial involved a purported "private ceremony" that took place sometime during a three-year period, as well as Appellant's assertion that she was "known" to Decedent as his wife, and they treated "each other as husband and wife to the public." **See** Appellant's Petition at ¶¶ 16-18, 20. These are not "facts" of which the Administratrix would have personal knowledge. As this Court observed in **Cercone**, "[t]he rights of the litigants should not be made to depend upon the skill of the pleaders but rather on the justice of their

claims[.]" ***Cercone***, 386 A.2d at 6 (citation omitted). Accordingly, Appellant's first claim warrants no relief.

Next, Appellant attempts to circumvent the Dead Man's Act by asserting that Administratrix's general denials in response to the factual averments in her petition constitute a waiver of the Act. Appellant's Brief at 21. She notes that while the Act "clearly applies to an individual such as [her] who is attempting to assert the existence of a common law marriage[,]" there are various exceptions to the application of the Act, such as when "the party claiming the benefit of the [Dead Man's Act] engages in discovery[.]" ***Id.*** Although Appellant admits there is no case law waiving the protection of the Dead Man's Act when a party supplies only general denials in a responsive pleading, she insists the same principles that waive protection in the discovery context apply. ***Id.*** She maintains "the Estate is intentionally shirking its pleading obligations under Rule 3.10 and subsequently hiding behind the Dead Man's [Act]," which is "fundamentally unfair[.]" ***Id.*** at 23. Accordingly, Appellant argues she should be granted a new trial.

"Under certain circumstances, the representative of the estate may waive the disqualification of the adverse party [pursuant to the Dead Man's Act] via discovery." ***Davis v. Wright***, 156 A.3d 1261, 1269 (Pa. Super. 2017). These circumstances include when the adverse party has been deposed or required to respond to written interrogatories or when the decedent's representative "introduced as evidence the adverse party's

- 13 -

statement in the pretrial conference." *Id.* (citations omitted). The Pennsylvania Supreme Court has also held:

> [W]hen a claimant against the estate of a decedent testifies in his own behalf as to facts occurring since the death of the decedent and is cross-examined as to matters occurring during the decedent's lifetime, the disability imposed by the Act is lifted, and the claimant becomes competent to testify to all relevant and material matters. . . .

*Estate of Kofsky*, 409 A.2d 1358, 1359 (Pa. 1979). None of these limited exceptions to the Dead Man's Act are applicable in the case before us.[12]

In denying Appellant's claim, the orphans' court opined:

The Answer clearly stated that the Administratrix was denying the existence of a common law marriage. This was certainly not trial by ambush. Furthermore, [Appellant] was clearly aware that the Dead Man's Act was an integral evidentiary consideration in this case, as it was referenced in [her] own pre-trial conference memorandum and during the pre-trial conference.

[Appellant] only called [herself] and the Administratrix (as on cross-examination) as witnesses during the hearing. [Appellant] bore the burden to demonstrate the existence of a common law marriage. To somehow claim that the Administratrix waived the Dead Man's Act by denying factual allegations put forth in the . . . pleadings and objecting to testimony barred by the Dead Man's Act is confounding. The Administratrix was well within her rights to deny [Appellant's] claims and to stop [Appellant] from putting forth testimony that violated the Dead Man's Act.

The purpose of the Dead Man's Act is "to prevent the injustice that might flow from permitting the surviving party to a transaction with a decedent, which the latter's representative would be in no position to refute." [*Estate of Corace*, 527 A.2d

---

[12] We note that Appellant's own testimony at trial was very limited, and Administratrix did not conduct any cross-examination. *See* N.T., 11/2/21, at 24-25, 33-34, 48-54. Thus, the exception set forth in *Estate of Kofsky* is not applicable.

at 1060]. The reality is that [Appellant] had ample opportunity to bring in any number of witnesses to provide testimony about the relationship between [Appellant] and the Decedent. These witnesses would not have had an interest adverse to the Decedent and their testimony would not be barred by the Dead Man's Act. However, [Appellant] chose not to bring that proof to trial. [This] strategic choice resulted in her failure to meet her burden.

Orphans' Ct. Op. at 9-10.

Again, we agree. Appellant seeks to prove her status as Decedent's common law wife by relying upon Administratrix's alleged deficient pleadings and a non-existent exception to the Dead Man's Act, rather than affirmative testimony by uninterested witnesses and relevant documents. Our review reveals no error of law in the orphans' court's rulings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/05/2022